EASTERN DIST.
*March,* 1835.

OTT
*vs.*
MORTEE.

=====

## OTT *vs.* MORTEE.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the plaintiff's counsel employed a person to make a demand on the debtor, who presented the account, but did not tell the defendant it was his only business or that he came to make a demand : *Held,* to be sufficient, when, from the circumstances attending this fact, the judge who tried the case was satisfied the amicable demand was proven.

This is an action on an account for work and labor, done by the plaintiff, in the capacity of mill-wright, at the rate of three dollars per day. He claims seven hundred and five dollars as the amount due to him, with a privilege on a saw mill, which he built for the defendant.

The defendant admitted he employed the plaintiff to work and superintend the building of a saw mill, but that through intemperance and dissipation, he became disqualified to render the services he engaged, to the defendant's damage, thirteen hundred dollars, and that he had already paid him three hundred and twenty two dollars, which sums he, demands in reconvention. He further pleaded there was no amicable demand made of the account sued on

The plaintiff proved, that his attorney gave the account sued on to the deputy sheriff, and made a verbal request that he would make a demand. The deputy sheriff did so; he took the note to defendant's house, where he frequently went. Did not tell the defendant that it was his only business, but knows the latter understood it to be a demand.

The case was submitted to a jury, who returned a verdict for the plaintiff of three hundred and fifty dollars. Judgment being rendered in conformity to the verdict, the defendant appealed.

*Flower*, for the appellant.

*Penn*, contra.

*Bullard, J.*, delivered the opinion of the court.

The appellant claims a reversal of the judgment rendered in this case, on the ground that the plaintiff failed to prove an amicable demand, and that judgment should have been given against him for costs. The evidence, indeed the only evidence in the cause, shows, that one Kirkland was employed by the plaintiff's attorney, verbally, to make a demand of the defendant, and that he went out and presented the account, to the defendant, but did not tell him it was his only business. The witness says he knows the defendant considered it as a demand. This is a question of fact. Whether the presenting of the account, was at the time considered by the defendant as a demand, may depend on various circumstances. The account was certainly presented for some purpose. Of these matters, the courts of the first instance can better judge than we, from their knowledge of the characters and habits of witnesses. In this case, the court considered the amicable demand sufficiently proved, and we see no good reason why its judgment should be disturbed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Where the plaintiff's counsel employed a person to make a demand on the debtor, who presented the account, but did not tell the defendant it was his only business or that he came to make a demand : Held, to be sufficient, when from the circumstances attending this fact, the judge who tried the case was satisfied the amicable demand was proven.*