MICHAEL LAMB v. STATE OF NEBRASKA.

FILED JUNE 26, 1894.   No. 5706.

1. **Larceny**: SUFFICIENCY OF PROOF: REVIEW.   On the trial of this case the only questions which arose worthy of consideration were as to the sufficiency of the proof to justify a conviction, upon full consideration of which it is found that the verdict of conviction was fully justified.

2. **Criminal Law**: NEW TRIAL: JUROR'S KNOWLEDGE OF CHARACTER OF ACCUSED.   Ordinarily, the discretion of the trial judge in overruling a motion for a new trial will not be disturbed when the sole grounds for said motion are admissions of a juror as to his knowledge of the character of the accused, when such admissions have no reference to the facts tried, especially when upon his *voir dire* examination such juror had answered that he had no bias or prejudice which would prevent impartial action on his part.

ERROR to the district court for Platte county.   Tried below before SULLIVAN, J.

*W. F. Critchfield, Higgins & Garlow,* and *M. B. Gearon,* for plaintiff in error.

*George H. Hastings, Attorney General,* for the state.

RYAN, C.

This case originated in Boone county.   After a change of venue, the defendant was convicted in Platte county. The charge upon which he was found guilty was that he had aided, abetted, procured, incited, and hired Robert Nickerson and Lafayette Bolingbroke to steal certain cattle, the property of Simons & Co., of the value of $345. These cattle were, after the alleged larceny, found among cattle owned by the defendant, whose connection with and responsibility for the said larceny were established by the direct evidence of both Nickerson and Bolingbroke.   In

addition to this, George Schoolcraft, a disinterested witness,
testified to some very damaging expressions which he had
heard uttered by the defendant to Nickerson concerning
the proposed theft of the cattle before they were stolen.
The evidence of the defendant himself was in contradiction
of that of the three witnesses named, and was explanatory
of the fact that the stolen cattle were found with his own.
There were several witnesses sworn, the testimony of whom
tended to show that the cattle were not removed to Garfield
county on the exact date which the witnesses for the prose-
cution fixed as that upon which they were driven into said
county.    These were questions of fact which were sub-
mitted to the jury for consideration in the determination of
the guilt of the accused.    The evidence was amply suffi-
cient to sustain the conviction which followed, notwith-
standing these trifling discrepancies.

Criticism of instructions has been freely indulged in,
but no error of any prejudicial tendency has been pointed
out.    No instructions were asked on behalf of the accused,
so that no question arises on account of modifications or
refusal of requests in that respect.

Affidavits were filed to show the existence of prejudice
entertained against the defendant by Mr. Hale, a juror.
This showing, however, was not of prejudice, correctly
speaking.    The affiants, as to this matter, said that the
statement of Mr. Hale was that he knew that Lamb was
a dangerous man whom it would not do to let get away;
that he had known said Lamb for five years to have been
at the head of a gang of cattle thieves, who stole cattle and
ran them up into the reservation and sold them, and that
such men should not be allowed to run at large.    The rec-
ord does not show what questions were propounded to this
juror upon his *voir dire* examination.    In the affidavits
of counsel for the accused it appears, however, that Mr.
Hale on such examination answered that he had no bias
or prejudice against the defendant, and had formed no

opinion as to his guilt, and that he knew of no reason why he could not render a fair and impartial verdict. In ruling upon the motion for a new trial the court evidently assumed that these answers were more to be relied on than the affidavits filed to discredit the competency of Mr. Hale as a juror. Affidavits as to language used by jurors, after their duties as such have ceased, as to their reasons for their verdict, as a general rule, are entitled to no great consideration, for the very reason that the juror himself would not ordinarily be heard to impeach the verdict to which he had assented, by alleging the existence of bias or prejudice upon his own part influencing him improperly. This is especially true where upon consideration of all the evidence there is found no room for doubt of the guilt of the accused. The judgment of the district court is

AFFIRMED.