PETER WENDELL v. STATE OF NEBRASKA.

FILED JANUARY 21, 1896. No. 7745.

46 823
60 194₁

**Arson:** ACCESSORIES: INFORMATION. Under section 54 of the Criminal Code it was erroneous, over proper objections, to try a defendant upon the charge of burning a schoolhouse, joined with one for causing such burning to be done by another person.

ERROR to the district court for Kearney county. Tried below before BEALL, J.

*J. L. McPheely* and *C. J. Dilworth*, for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state, cited: Bishop, New Criminal Procedure, sec. 422; *Candy v. State,* 8 Neb., 483; *Aiken v. State,* 41 Neb., 264.

RYAN, C.

Plaintiff in error was tried in the district court of Kearney county upon an information containing three counts and found guilty upon the second count. Omitting such matters as are not essential to the understanding of the questions presented, these counts were as follows:

First count—"That on the second day of April in the year of our Lord one thousand eight hundred and ninety-five, one Peter Wendell then and there being   *   *   * did then and there unlawfully, willfully, and maliciously, and feloniously procure, incite, and cause one Ben Pearson then and there being unlawfully, willfully, maliciously, and feloniously to set fire to and burn one schoolhouse," etc.

Second count—   *   *   *   "That on the second day of April, A. D. 1895, one Ben Pearson   *   *   *   did, then and there, unlawfully, willfully, maliciously, and feloniously set fire to and burn one schoolhouse   *   *   *   and that Peter Wendell, then and there being, did, before and at the time of said burning, unlawfully, willfully, maliciously, and feloniously   *   *   *   procure, incite, aid, abet, and cause the said Ben Pearson to set fire to and burn said schoolhouse," etc.

Third count—   *   *   *   "That on the second day of April, in the year of our Lord one thousand eight hundred and ninety-five, Ben Pearson   *   *   *   did, then and there, unlawfully, willfully, maliciously, and feloniously, set fire to and burn one schoolhouse there situated   *   *   * and that one Peter Wendell, then and there being in said county and state aforesaid, then and there did hire and

cause said Ben Pearson to set fire to and burn said school-house in the manner and form aforesaid," etc.

In the second count there is charged that Ben Pearson was guilty of the crime of arson, and that he was feloni-ously thereto instigated by the plaintiff in error. In this respect the three counts are alike. In the second count, which was that on which Wendell was found guilty, and which therefore is specially essential in this case, there was contained the charge that Wendell not only procured, in-cited, abetted, and caused Pearson to do the burning, but it was as well charged that Wendell aided Pearson in the act. The conviction was under section 54 of the Criminal Code, in which it is provided that "If any person shall willfully and maliciously burn or cause to be burned any dwelling house, etc.   *   *   *   every person so offending shall be deemed guilty of arson and shall be imprisoned in the peni-tentiary not more than twenty years, nor less than one year."

The instructions given by the court were evidently framed upon the theory that in the second count of the in-formation there was charged but one offense, for in the sec-ond instruction given by the court was contained this lan-guage: "In this case the substantive offense charged is the willful, unlawful, and felonious setting fire to said school-house in said county of Kearney and state of Nebraska, on or about the time alleged in the information, and, as here-inbefore stated, the defendant might have committed the same, if such offense was committed, by personally setting fire to and burning said schoolhouse, or by causing or pro-curing another unlawfully to do it, or by aiding, assisting, or abetting such other person in such unlawful burning. The state has seen fit to charge the defendant in this case with such burning, in each of the ways above set out. This it may lawfully do." The fourth instruction was in the same line as the second, while in the sixth occurs this lan-guage: "The court instructs the jury that if you believe

from the evidence in this case, beyond a reasonable doubt, that the defendant either personally, unlawfully, and willfully, burned the schoolhouse by setting fire thereto, or that he caused or procured another to unlawfully and willfully set fire to said schoolhouse, or knowing that another intended to unlawfully and feloniously set fire to said schoolhouse and burn the same aided, abetted, or assisted such person in the commission of said offense in said county and state, * * * then in either case said person would be guilty and liable as a principal of the unlawful and felonious burning of said schoolhouse." By these instructions there is presented the question whether or not two distinct offenses were charged in the count of the information upon which the plaintiff in error was found guilty. The court assumed that there was charged but one offense. Counsel for the plaintiff in error insists that there were two, each distinct from the other, and there has been no failure properly to preserve that question upon the record.

No case has been called to our attention in which is considered the language of a statute similar to that above quoted. It seems to us, however, that this differs from a case wherein is charged burglary and larceny in conjunction, for in such case the larceny is but the consummation of the intent with which the burglary is committed. Again, it is said, in section 449, 1 Bishop, Criminal Procedure [3d ed.]: "If the pleader is uncertain whether the transaction will appear in the proofs to be embezzlement or larceny, and both are felonies, he may have a count or counts for each. Under like circumstances counts may be joined for embezzlement and false pretenses." It does not seem to us that any of these considerations justify the joinder of the offense of aiding in burning a house with that of hiring, causing, or procuring another to commit such arson. The proof that Pearson set fire to the schoolhouse described, in no way tended to connect Wendell with the offense of causing Pearson to commit this crime. Proof that Wendell aided Pear-

son is direct evidence of his participation in the offense of Pearson. Proof that Wendell instigated Pearson is evidence only that he in some measure was responsible for the formation of a felonious intent by Pearson, but this intent, if never carried into effect, constituted no crime. If, however, the fruition of this intent was the consummation of the crime urged upon Pearson by Wendell, then Wendell became liable for the part which he had taken in the origination of Pearson's felonious intent and must answer accordingly. It is possible, that by statute the promoter of the arson might be made liable for its commission, but in our view section 54 of the Criminal Code is not so framed as to express such an intention on the part of the legislature. The judgment of the district court is

REVERSED.