AUGUST H. MILLER v. STATE OF NEBRASKA.

FILED APRIL 4, 1907.   No. 14,752.

1. Indictment: JOINDER OF COUNTS: ELECTION. It is permissible to allow several high grade offenses to be joined in an indictment or information, but in such cases only a single issue will be permitted to go to the jury; and, where such offenses are distinct and separate, the court should require the prosecutor to elect . upon which of the different counts he will rely for a conviction.

2. ———: ———: ———. This rule, however, does not apply to misdemeanors and felony cases where, by a single act, the accused may be guilty of two criminal offenses, or where the same transaction amounts to several offenses of the same grade and class and subject to the same punishment. *Pointer v. United States,* 151 U. S. 396.

3. Witnesses: HUSBAND AND WIFE. A wife may testify as to a crime committed against her by her husband, and it is proper for her to state all of the facts relating to the commission of such crime, notwithstanding her evidence may tend to convict him of another and different offense committed at the same time and in the same transaction.

ERROR to the district court for Stanton county: GUY T. GRAVES, JUDGE. *Affirmed as modified.*

*John A. Ehrhardt* and *A. R. Oleson,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *Grant G. Martin,* contra.

BARNES, J.

August H. Miller, hereafter called the defendant, was tried in the distict court for Stanton county on an in-

formation containing five counts. The first of said counts charged him with a violation of section 48 of the criminal code, by wilfully, maliciously and forcibly breaking and entering into the dwelling house of one Frederick Hoheneke, with intent to kill said Hoheneke, Annie Hoheneke and Mary Miller, then and there being. By the second count he was charged with a violation of the same section and in the same manner, with the additional allegation of a felonious assault on the persons above named. By the third count he was charged with violating section 16 of the criminal code, by maliciously shooting Frederick Hoheneke, with intent to kill. By the fourth count he was charged with shooting Mary Miller; and by the fifth count he was charged with shooting one Annie Hoheneke, with a like intent. At the first seasonable opportunity, the defendant filed a motion to quash the information, because five separate and different crimes were charged against him therein, and that said offenses were improperly joined. This motion was overruled, to which the defendant excepted. A motion was then filed to require the state to elect on which count of the information it would proceed to trial. The court overruled this motion, and the defendant again noted an exception. He thereupon demanded a separate trial upon each of the several counts, which demand was refused. He then entered his plea of not guilty, and was placed on trial upon all of the counts contained in the information. It appears that after the state had produced its evidence the court withdrew the first two counts from the consideration of the jury, and at the close of all the evidence the defendant moved the court to require the prosecutor to elect upon which one of the three remaining counts he would rely for a conviction. His motion was overruled, his exception noted, and thereafter the jury returned a verdict of guilty of the charge contained in the fourth count of the information. On this verdict the defendant was sentenced to the state penitentiary for a term of fifteen years, and to reverse that judgment he prosecutes error.

By his first two assignments the defendant alleges that the district court erred in overruling his motion to quash the information, and in refusing to require the state to elect as to which count it would rely on for a conviction. Counsel have presented these questions with much force, and for convenience they will be considered together. We think the rule is well established, and quite universal, that, where the indictment or information charges the defendant with the commission of several distinct and separate crimes, it should be quashed, or the state should be required to elect upon which count or charge it will rely for a conviction. In offenses of a high grade, but a single issue will be permitted to go to the jury, and the court will require the prosecutor to elect, except in those cases where the offenses are so blended that it is for the jury to determine which count, if any, the evidence applies to, as in cases of murder to determine the degree of the crime. Maxwell, Criminal Procedure (2d ed.), 54. In *Kane v. People,* 8 Wend. (N. Y.) 203, the court said: "In cases of felony, where two or more distinct and separate offenses are contained in the same indictment, it may be quashed, or the prosecutor compelled to elect upon which charge he will proceed; but such election will not be required to be made where several counts are inserted in an indictment solely for the purpose of meeting the evidence as it may transpire on the trial, the charges being substantially for the same offense." The tendency of modern criminal procedure is to simplify matters of practice as much as possible, consistent with preserving to the accused all of his substantial rights; and so it is quite universally held that it is a matter for the exercise of a sound discretion by the trial court as to whether the prosecutor should be allowed to join several different offenses in different counts in the information; but, if such joinder is permitted, it then becomes the duty of the court, where called upon to do so, to require the prosecutor to elect upon which one of the several charges or counts he will rely for a conviction. *State v. Lawrence,* 19 Neb. 307; *Wendell*

*v. State,* 46 Neb. 823; *People v. Rohrer,* 100 Mich. 126. In
a note to *Ben v. State,* 58 Am. Dec. 234 (22 Ala. 9), it is
said there is no reason why any number of counts for any
number or kind of offenses may not be joined in the same
indictment, where not otherwise provided by statute; but
the practice of uniting several counts in an indictment
would obviously lead to great oppression, if not controlled
by a wise judicial discretion. And this discretion is uni-
versally conceded to the court before which a crimnial
cause is tried, since it is clear that if the prosecution were
permitted to heap up charges against a prisoner in the
same indictment, and try all before the same jury, it might
not only overwhelm him with confusion in his defense,
but break him down with a weight of obloquy before he
had an opportunity to defend. Again, the attention of the
jury might be so distracted by the multiplicity of charges,
and by an imposing array of suspicious circumstances
applying to the different counts, as to convict upon all,
although, if the accusations were tried singly, there could
be no conviction upon any. For these reasons, therefore,
the common law has vested in criminal courts a discretion
to be exercised under an enlightened sense of justice and
humanity, by means of which the judge, if he sees that
the prisoner is likely to be embarrassed in his defense by
the several counts of an indictment which charge different
offenses, may either quash the indictment or compel the
prosecutor to elect upon which of the different counts he
will proceed.

So it appears that there is no objection in point of law
to the joinder of distinct offenses growing out of different
transactions in one indictment, but, if this is done, the
court should exercise its discretion to compel the prose-
cution to elect, and, if such joinder tends to embarrass the
prisoner and confound him in his defense, the court ought
to require an election. *Engleman v. State,* 2 Ind. 91; *State
v. Abrahams,* 6 Ia. 117; *State v. McPherson,* 9 Ia. 53; *State
v. Cazeau,* 8 La. 109; *State v. Porter,* 26 Mo. 201; *State
v. Lincoln,* 49 N. H. 464; *Kane v. People, supra.* The

rule as to joinder and election is stated in *People v. Aikin*, 66 Mich. 460, as follows: "The true and only just rule as regards the joinder of counts in an information or indictment seems to be, if the different counts are drawn and used with a view to one and the same transaction, so that one of them, upon the trial, may be found to meet the evidence, the court will not interfere with the proceeding, as such an object is a legitimate one. * * * But where the object and purpose is apparent to prosecute the respondent, and such is the logical effect, for *separate* felonies by means of *one* information or indictment, the court will not permit it to be done. * * * The injustice and prejudice to the accused overbalance all possible benefits to be derived to the public from such a practice." It is insisted on the part of the state, however, that this case furnishes an exception to the general rule, and the joinder was properly permitted; that the refusal to require the state to elect was not error, because the several crimes charged arose out of the same transaction. It is true that the shooting described in the information was shown by the evidence to have occurred at the same place and practically at the same time, and was in effect one transaction.

Again, an examination of the record discloses that the jury promptly acquitted the defendant on all of the charges except the one accusing him of shooting his wife, Mary Miller, and there was sufficient evidence in support of this charge to sustain the verdict. So we are of the opinion that the district court was not guilty of an abuse of discretion in refusing to require the prosecutor to elect upon which charge of the information he would rely for conviction. *State v. Shores,* 31 W. Va. 491; *State v. Fitzsimon,* 18 R. I. 236, 49 Am. St. Rep. 766; *Andrews v. People,* 117 Ill. 195; *Pointer v. United States,* 151 U. S. 396.

The defendant also contends that the court erred in allowing Mary Miller, who was his wife at the time the alleged shooting occurred, to testify against him and several cases are cited to support this contention. By

section 331 of the code it is provided: "The husband can in no case be a witness against the wife, nor the wife against the husband, except in a criminal proceeding for a crime committed by the one against the other, but they may in all criminal prosecutions be witnesses for each other. Provided, however, that the wife shall be a competent witness against the husband in all prosecutions arising under section 212a of the criminal code." This statute permitted Mary Miller to testify as to the crime committed against her, and it appears that the shots fired by the defendant at her father and mother, as well as the one fired at her, were so closely connected in point of time as to be a part of the *res gestæ.* Hence, all of her testimony was properly received.

Defendant has presented several other assignments of error, but we are satisfied that none of such exceptions are well taken, and the judgment of the district court should be affirmed. A careful perusal of the evidence satisfies us that there are many mitigating circumstances in this case, and we believe the sentence to be grossly excessive. The injury inflicted was slight, and, although, as stated, there is sufficient evidence in the record to sustain a conviction, yet the jury might well have found that the shot which caused such injury was not directed at the wife. Again, the evidence shows that defendant had no quarrel with or enmity against his wife, and had no desire to injure her; that the shooting occurred during a quarrel with her parents and in the heat of such conflict. While we are unable to set aside the verdict without violating our well-established rules, yet we are of opinion that the sentence should be materially reduced. It is therefore ordered that the sentence be reduced to the period of three years, and the judgment as thus modified is

AFFIRMED.