JAMES LILLIE v. STATE OF NEBRASKA.

FILED JANUARY 23, 1909. No. 15,928.

1. **Criminal Law:** INFORMATION: JOINDER: ELECTION. If the state joins in one information three separate counts, charging robbery, assault with intent to commit robbery, and an assault with intent to do great bodily harm, and all counts refer to the same transaction, the defendant is not prejudiced if, before he introduces any evidence and as soon as the matter is brought to the court's attention, it compels the state to elect whether to prosecute on the first and second or upon the third count.

2. ——: MOTION FOR NEW TRIAL: AMENDMENT: REVIEW. More than three days after the return of the verdict defendant by leave of court complained of the court's failure to give an instruction tendered by defendant. He did not claim that he was unavoidably prevented from including said assignment in his motion for a new trial, which was filed within time. *Held*, That the refusal of the court to grant a new trial for any reason set out in said amendment will not be reviewed in this court.

3. ——: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A new trial will not be granted for newly discovered evidence that is cumulative, unreasonable and incredible, and was known before trial to defendant's brother, who was in the county and immediate neighborhood of the crime at the time it was committed and until trial.

4. ——: EVIDENCE: IDENTIFICATION OF ACCUSED. Where the complaining witness positively identified the accused as his assailant, and his testimony is sustained by many facts established by dis-

interested witnesses and the subsequent conduct of the accused, the verdict will not be set aside because of defendant's denial corroborated by an alibi sought to be established by the testimony of a nephew and niece.

ERROR to the district court for Gage county: JOHN B. RAPER, JUDGE. *Affirmed.*

*L. Crocker* and *W. H. Ashby*, for plaintiff in error.

*William T. Thompson, Attorney General*, and *Grant G. Martin*, contra.

ROOT, J.

Defendant was convicted of committing the crime of robbery from the person, and, from a sentence of eight years' confinement at hard labor in the state penitentiary, he appeals.

1. The first count in the information charged defendant with robbery from the person, the second with making an assault with intent to commit a robbery, and the third an assault with intent to commit great bodily injury. On the 24th day of March, 1908, a jury was impaneled to try the issues joined by defendant's plea of not guilty, and the same day defendant filed a motion that the state be required to elect whether it would prosecute defendant upon the first and second or the third count in said information. The following day the motion was presented to the court and sustained. Whereupon the state elected to proceed under the first and second counts. It may be doubted whether the court should have sustained the motion, as the alleged crimes all grew out of the same transaction. *Jackson v. State*, 39 Ohio St. 37; 1 Bishop, New Criminal Procedure, sec. 449; *Miller v. State*, 78 Neb. 645. Conceding, for the sake of argument, that the counts charged separate and distinct offenses, defendant might have been lawfully tried therefor unless he made seasonable objections thereto. (1 Bishop, Criminal Procedure, sec. 449); and, the court having ruled in favor of

defendant as soon as the motion was presented and before he had commenced his defense, the accused is without standing to complain in this court.

2. It is argued that the court erred in refusing instruction numbered 3 requested by defendant. While the instruction was proper, its subject was much the same as that of the eleventh instruction given by the court on its own motion. Defendant did not assign the action of the court in refusing to give said instruction as error in his motion for a new trial but more than three days after the return of the verdict was given permission to, and did, file an amendment to said motion and therein made such complaint. Defendant did not claim that he was unavoidably prevented from filing said assignment within three days and the ruling of the court thereon is not subject to review. *Davis v. State,* 31 Neb. 240; *Willis v. State,* 43 Neb. 102; *Aultman, Miller & Co. v. Leahey,* 24 Neb. 286; *Gullion v. Traver,* 64 Neb. 51; *State v. Dusenberry,* 112 Mo. 277; *State v. Hunt,* 141 Mo. 626.

3. Defendant asserts that a new trial should have been granted because of the discovery, subsequent to the return of the verdict, of material evidence. This assignment is supported by the affidavit of George Lillie, a brother of the accused, who stated that on the evening of December 11, the day the crime was committed, he was working for his mother at a point south of the scene of the crime; that about dark he heard shouting and the discharge of firearms in the direction of Frank Lillie's place, and soon thereafter two men on horseback rode out of Frank Lillie's pasture into the highway, which runs north and south, and galloped south; and that he had never disclosed those facts to his brother because he apprehended trouble from the Martins. The statement does not seem reasonable, and it seems incredible that affiant would have kept this knowledge locked within his own breast while his brother was on trial. Defendant and his counsel testified that they did not know of said facts until after verdict but we do not think that there was a show-

ing of diligence on their part.  Affiant does not state that either of the horsemen were strangers, and, for all his affidavit advises us, one of them may have been the defendant himself.  Criminal trials would never end if immediate relatives of an accused may wait until after verdict and then come forward with disclosures of evidence, and a new trial be granted.

4. It is claimed that the evidence does not sustain the verdict.  We have read the evidence with great care, and to our mind the verdict of the jury is the only one that should have been returned thereon.  Thomas Martin had supped with Frank Lillie, a brother of, and with the accused, and stated to them that he had cashed his pension check that day.  About dusk the accused with three of his brother's children started for church some two miles distant.  Martin lingered from 15 minutes to half an hour, and started home in the direction traveled by the accused, and was assaulted, beaten and robbed within 150 yards of Frank Lillie's home.  Martin testified positively that he recognized defendant as his assailant.  Defendant arrived at church something like a half hour subsequent to the arrival of his nephew and nieces, and five witnesses noticed blood on his hands and the cuffs of his shirt.  Subsequent to the transaction defendant concealed himself, and later fled to the state of Washington, from whence he was extradited.  Defendant, his nephew and one of said nieces stated that James Lillie rode in the buggy until within 70 yards of the church, at which point he alighted for the purpose of vomiting; that the children drove on, and that defendant followed them some five or ten minutes later.  One of the nieces did not testify, nor is any explanation given for her absence, and the nephew stated to the sheriff in the presence of his deputy the day after the crime that his uncle got out of the buggy over a mile from the church, and within less than a fourth of a mile of the point where Martin was robbed.  There is evidence in the record that Martin has made contradictory statements concerning the person who assaulted and robbed him, and

there is some evidence tending to corroborate defendant's testimony, but the credibility of the witnesses was for the jury, and not this court, to pass upon.

The court fairly instructed the jury, and the judgment is

AFFIRMED.

ROSE, J., not sitting.