JERRY J. HANKS v. STATE OF NEBRASKA.

FILED FEBRUARY 15, 1911. No. 16,749.

1. **Criminal Law:** CONTINUANCE: DISCRETION OF COURT. An application to continue a criminal case which has been set for trial upon a day certain at the request of the accused is addressed to the sound discretion of the trial court, and if it does not appear that the reasons given for requesting the continuance were not known to the accused at the time the order setting his case for trial was made, a judgment of conviction will not ordinarily be set aside because that continuance was not granted.

2. **Rape:** EVIDENCE. An undergarment worn by the prosecutrix at the time of an alleged criminal assault may, if identified, be admitted in evidence.

3. ———: ———. If it satisfactorily appears from the evidence that the prosecutrix is not the wife, sister or daughter of the accused, a conviction will not be reversed because no witness testified in direct language to these facts.

4. ———: ———. The evidence examined and commented upon in the opinion, and *held* sufficient to corroborate the prosecutrix.

5. ———: INSTRUCTIONS. "The failure of the court to instruct the jury, that a defendant charged with rape cannot be convicted

without evidence corroborating the prosecutrix, is not error, unless it appears that such an instruction was requested." *Edwards v. State*, 69 Neb. 386.

6. Error will not be presumed, but must affirmatively appear.

7. Criminal Law: LIMITATION OF ARGUMENT. A conviction will not be set aside because the trial court limited counsel to an hour and 15 minutes on a side in which to argue the cause to the jury, although the practice is not approved.

8. ———: ARGUMENT: EXCEPTION. "Abuse of privilege by counsel in addressing the jury, to be available on appeal, must be excepted to at the time." *Hill v. State*, 42 Neb. 503.

9. ———: JURORS: COMPETENCY: REVIEW. If the court upon conflicting affidavits finds that a venireman, before being called as a juror in a criminal cause, did not express an opinion that the accused was guilty, this court will not ordinarily hold to the contrary.

10. ———: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A new trial will not be granted for alleged newly discovered evidence cumulative in character and to some extent tending to impeach the state's witnesses with respect to collateral facts testified to by them, where it appears that many of the witnesses relied upon to give the newly discovered evidence testified during the trial, and there is no showing of diligence before trial to procure or present the newly discovered evidence.

ERROR to the district court for Dawes county: WIL-LIAM H. WESTOVER, JUDGE. *Affirmed.*

*Hamer & Hamer, G. T. H. Babcock* and *Earl R. Ferguson,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *George W. Ayres, contra.*

ROOT, J.

From a sentence of seven years' imprisonment in the penitentiary for committing rape, Jerry Hanks, who will be referred to as the accused, has prosecuted a petition in error to this court.

The court did not err in refusing to continue the case. By agreement of the county attorney and counsel for the

accused, the case had been set for trial on a day certain, and there is no suggestion that the absence of the alleged witnesses was not known to Mr. Hanks or to his counsel at the time that agreement was made, nor is there a sufficient showing of diligence to procure the witnesses for the trial.

Over the accused's objections the state introduced in evidence a torn muslin undergarment. The prosecutrix testified in effect that the garment was worn by her at the time of the assault; that it was torn by the accused, and that it is in the same condition now that it was except that it has been washed. The evidence was admissible, its probative weight being for the jury. *McMurrin v. Rigby,* 80 Ia. 322; *State v. Peterson,* 110 Ia. 647.

The evidence discloses that shortly preceding the night of the country ball, where the accused met the prosecutrix, he boasted to friends that he proposed to accomplish his purpose that night; that the accused in company with the prosecutrix departed from his uncle's home where the ball had been given, ostensibly for a buggy ride, but that he drove to a secluded spot at the bottom of a deep cañon and there remained with the prosecutrix for about an hour and that when they returned she was exhausted and weeping; that shortly thereafter she made complaint to her sister, and when the accused was brought into her presence and charged with the offense, he answered, "He guessed if she (the prosecutrix) said so, he did." That night the accused went to Iowa where he was subsequently apprehended. The accused stated to his friends, shortly after the offense was committed, that he might have some trouble, but could settle it for $300 or $500, and subsequently offered to pay money to stop the prosecution. The accused was a witness in his own behalf, and, while admitting the intercourse, testified that the prosecutrix readily consented thereto. The jury may be pardoned if they did not believe all of the defendant's testimony. There are also other material facts and circumstances appearing in the evidence tending in some degree to corroborate the prosecutrix' statement,

There is a conflict in the evidence concerning the prosecutrix' appearance, demeanor and statements at the time she returned with the accused from the buggy ride. It was, however, for the jury to say whether they would believe the witnesses for the state, on the one side, or the accused and his relatives, on the other.   If that conflict is resolved in favor of the state, there is sufficient corroborative evidence to sustain the verdict.   *Murphy v. State*, 15 Neb. 383; *Richards v. State*, 36 Neb. 17; *Wood v. State*, 46 Neb. 58; *State v. Meyers*, 46 Neb. 152; *Henderson v. State*, 85 Neb. 444; *McMath v. State*, 55 Ga. 303; *State v. Harris*, 150 Mo. 56; *State v. Pollard*, 174 Mo. 607; *State v. Bedard*, 65 Vt. 278; 33 Cyc. 1458.   We are also of the opinion that there is sufficient evidence to sustain a finding that the prosecutrix is not the wife, sister or daughter of the accused, although no witness testified in express terms that no such relationship existed.

Not having requested the court to instruct that the prosecutrix should be corroborated, the accused waived the right to have that instruction given.   *Edwards v. State*, 69 Neb. 386.   Although the court did not instruct that there should be no conviction unless the prosecutrix was corroborated, it did, in addition to instructing that the burden was on the state to prove its case beyond all reasonable doubt, caution the jury that from the nature of the accusation the defendant labored under great difficulty in making out his defense; that they should carefully consider the evidence and the instructions, and that if the prosecutrix consented, no matter how tardily, and finally voluntarily submitted to the accused, he was not guilty.   The instructions seem to have been copied from those given by the trial court in *Richards v. State, supra*, and approved by this court.   The court was not assisted by counsel for the accused either by instructions requested or exceptions taken to those given and in our opinion Mr. Hanks has no just ground for complaint with respect to the court's charge.

The   contention   that   additional   instructions   were

privately given to the jury is not sustained by the record, and has no support except in the affidavit of Mr. Ferguson, counsel for the accused, who says that he is reliably informed that such is the fact. The county attorney states under oath that the jury were charged in the presence of the accused and of his counsel. Error will not be presumed, but must affirmatively appear.

By overruling the motion for a new trial the court found upon conflicting affidavits that the juror Blundell had not, before being called into the jury box, expressed an opinion that the accused was guilty. Neither did the accused or his counsel testify that they did not know Mr. Blundell's state of mind before he was accepted as a juror, nor did counsel ask Mr. Blundell upon his *voir dire* examination whether he had expressed an opinion concerning the merits of the case. This subject is largely within the discretion of the trial judge, and we are satisfied with his ruling. *Clough v. State,* 7 Neb. 320; *Lamb v. State,* 41 Neb. 356; *Tracey v. State,* 46 Neb. 361.

No objection was made or exception taken to the court's order that counsel should have but one hour and 15 minutes on a side within which to argue the case to the jury. Mr. Ferguson states, in effect, that as he was closing his argument and approaching the climax of his peroration, the court informed him that his time was up, and that he was thereby placed in a ridiculous light before the jury and his argument greatly impaired. According to the established holdings of this court, the order was not erroneous. *Kennison v. State,* 83 Neb. 391, and cases cited. We again express our disapproval of a limitation to so narrow a period where the defendant's liberty is at stake, but shall not overrule our former holdings. No objections were made or exceptions taken to the arguments of counsel for the state at the time they were made, and for this reason no foundation was laid to sustain the assignment of misconduct of the assistant county attorney.

The alleged newly discovered evidence is largely cumulative; some of it tends in a degree to impeach cer-

tain of the state's witnesses with regard to collateral facts testified to by them, but practically all of it will be given, if opportunity affords, by relatives of the accused who testified during the trial. The county attorney filed affidavits contradicting these affidavits filed by the accused. There is an entire absence of any showing of diligence on the part of the accused or of his counsel, Messrs. Ferguson and Babcock, who had charge of the case up to the time a verdict was returned. Criminal trials would never end if a new trial were given upon the showing made in this case. *Lillie v. State,* 83 Neb. 268.

The accused was tried in a community where he had resided for years, and where he was surrounded by a host of relatives, respectable substantial citizens; his counsel were given great latitude in introducing evidence and in cross-examining the state's witnesses. The prosecutrix and the accused told their respective versions of the transaction, and the jury has said, by their verdict, that the prosecutrix and not the accused should be believed, and we are satisfied that the evidence sustains that finding. The court's charge was fair to the accused, and, independently of the limitation of time within which his counsel were required to present their argument, we find nothing unsatisfactory in the record.

Upon the entire record, there is no error prejudicial to the accused, and the judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.