CLARENCE JUMP, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

20 N. W. 2d 375

FILED NOVEMBER 2, 1945.  No. 32000.

*Dryden & Jensen,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Plaintiff in error, herein called the defendant, was charged with the rape of one Agnes Martin, in violation of the provisions of section 28-408, R. S. 1943.  He was tried, found guilty and sentenced to imprisonment for a period of sixteen years.  He appeals.  We reduce the sentence and as so modified affirm the judgment of the trial court.

Defendant assigns as error: (1) The admission in evidence of statements of the prosecuting witness made to third parties not in the presence of the defendant; (2) that no proof was offered or received that the prosecuting wit-

ness was not the sister or the daughter of the accused, and the failure to sustain a directed verdict on that ground; (3) that the evidence of resistance was not sufficient to sustain a verdict of guilty; (4) that in any event, the sentence of the court is excessive and should be reduced under the provisions of section 29-2308, R. S. 1943.

The complaining witness is a married woman and a registered nurse. At the time involved herein, she was living with her husband and infant child in a house at Shelton, Nebraska. The husband was employed in Lexington, Nebraska, and absent from home except on week ends.

Defendant is a married man, 22 years of age, and at the time in question was living with his wife and infant child, and employed in Shelton, Nebraska.

The event upon which this charge is based occurred March 14, 1945. On January 23, 1945, defendant and his family moved into a two-room house on a lot adjoining the residence of the complaining witness. Mrs. Martin and the defendant had not been acquainted prior to that time, although it may be that each knew who the other was. There were some contacts between the new neighbors. Defendant offered evidence of visiting back and forth.

On March 13, 1945, defendant came at noon to the Martin home to borrow mustard to fix a mustard plaster for his child who was sick. That evening at supper time Mrs. Martin called at defendant's home and inquired about the health of the baby. Defendant offered testimony that during the evening the doctor and his wife's parents were at his home, and it was decided to take the baby and its mother to her parents for the night. That was done about 10:30. The defendant was home alone. Mrs. Martin denied knowledge of that fact.

Mrs. Martin and her son went to bed and to sleep early in the evening. Her husband was not at home. At 12:00 o'clock that night the defendant came to the bedroom window of the Martin home, knocked on the window, awakened Mrs. Martin, and asked her to come over to his house, saying the baby was sick. Defendant denied that he referred

to the baby. Mrs. Martin put on her robe and went with defendant to his home. When she arrived there, she went in; defendant locked the door. Mrs. Martin found that he was alone. The assault followed. Mrs. Martin returned to her home and 15 minutes later took her baby and went to a friend's house, where she arrived at 12:38. She is described by the witnesses as crying and hysterical at that time. She made complaint to the friend. The trial court refused to permit Mrs. Martin to state what she said. The friend then was sworn and testified that Mrs. Martin said, "Jack Jump raped me." Defendant moved for a mistrial. The village marshal came to the home a few minutes later. He was permitted to testify that Mrs. Martin complained to him that Jack Jump had just raped her. Defendant again moved for a mistrial.

The rule is stated in *Krug v. State,* 116 Neb. 185, 216 N. W. 664: "In a prosecution for rape, the prosecutrix may testify in chief, if within a reasonable time under all the circumstances after the act was committed she made complaint to another, to the fact and nature of the complaint, but not as to its details; and that other may likewise testify in chief to such fact and nature of the complaint, but not as to its details."

It is recognized in *Dodson v. State,* 119 Neb. 340, 228 N. W. 859, that there is an exception in the case of words or statements which are of the *res gestæ.* We do not deem it necessary to consider the admissibility of the evidence on that theory. The state had the right to show that the prosecuting witness complained and the nature of the complaint. This is pointed out in *Krug v. State, supra,* where it is said that the state should have put before the jury and into the record the nature of what the prosecutrix complained to the witness, i. e., that the defendant had raped her or had intercourse with her at the time in question.

The fact that the name of the defendant was included in the statements does not constitute prejudicial error. The admission of testimony, including the naming of the defendant, was approved in *Welsh v. State,* 60 Neb. 101, 82 N. W.

368, and cited with approval in *Younger v. State,* 80 Neb. 201, 114 N. W. 170. In this instance we see no possible prejudice to the defendant from the inclusion of his name in the evidence. Whether or not what he did constituted rape was challenged. His identity as the actor was not challenged but admitted. The record shows that before the challenged statements were admitted the county attorney stated: " * * *the defendant has stated by his counsel that intercourse took place, but that it was voluntary intercourse * * * ." Defendant did not challenge that statement. Prejudicial error did not occur in the admission of the evidence just discussed.

The second assignment is that the court erred in not sustaining a motion for a directed verdict for failure of the state to prove that the prosecuting witness was not the sister or daughter of the defendant. In his petition in error he limits the assignment to failure to prove that she was not the sister of the defendant. The defendant was 22 years of age. Obviously, the prosecuting witness was not his daughter. The evidence is that both Mrs. Martin and the defendant had lived in that general community for some years and they did not know each other until the time immediately preceding the event in question. There is no evidence whatever indicating a blood relationship. No such contention was made. The rule is: "If it satisfactorily appears from the evidence that the prosecutrix is not the wife, sister or daughter of the accused, a conviction will not be reversed because no witness testified in direct language to these facts." *Hanks v. State,* 88 Neb. 464, 129 N. W. 1011. We are satisfied that the evidence is sufficient in this case and that the assignment is without merit.

The third assignment of error is that the evidence of the prosecuting witness as to resistance was not sufficient to sustain a verdict of guilty. The testimony of the prosecuting witness is that she was in delicate health; that she was startled and shocked when she found herself alone with the defendant; that she was grabbed and her arms pinned down; that she called for help; that defendant struck her in

the chest twice, placed his hand over her mouth, said he would not hurt her if she did not "holler," pushed her on to the bed, held her down; and that she was afraid and could not struggle. She had marks on her face that night after the event and bruises of recent occurrence were on her body the following morning.

There is no contention advanced here of any pre-arrangement, inducement, persuasion, or consent. Defendant admits the use of force sufficient to accomplish his purpose. The inference is readily drawn from his testimony that he was prepared to use more force if necessary, and that greater resistance would have resulted in the use of greater force. The statute is "forcibly and against her will." Sec. 28-408, R. S. 1943. We think the evidence sufficient to sustain the verdict. See *Murphy v. State,* 15 Neb. 383, 19 N. W. 489; *Richards v. State,* 36 Neb. 17, 53 N. W. 1027; *Cardwell v. State,* 60 Neb. 480, 83 N. W. 665; *Guerin v. State,* 138 Neb. 724, 295 N. W. 274.

Defendant contends that in any event the sentence is excessive. Defendant is 22 years of age; he had previously been convicted of a car theft and sentenced to imprisonment in the reformatory for a period of one to three years; he had served fifteen months and was out on parole when the present offense was committed. When thirteen years of age he had been committed to the Industrial School. He admitted the commission of two other offenses involving property about the time of the car theft. However, even considering his unfavorable past record, we are of the opinion from the record as a whole that the sentence is excessive. By authority of section 29-2308, R. S. 1943, the sentence is reduced. We conclude that a sentence of ten years is warranted by the evidence.

The judgment of the district court, therefore, is modified and the sentence reduced to ten years at hard labor, Sundays and holidays excepted, and, as thus modified, is affirmed.

AFFIRMED AS MODIFIED.