No. 28116

**Gregory Brutcher v. District Court of the Nineteenth Judicial District, State of Colorado, and the Honorable Hugh H. Arnold, Judge thereof**

(580 P.2d 396)

Decided June 26, 1978.

Doyle & Otis, Fred L. Otis, for petitioner.

Robert N. Miller, District Attorney, Stanley C. Peek, Deputy, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Petitioner Gregory Brutcher brings this original proceeding pursuant to C.A.R. 21 and seeks a writ prohibiting the respondent district court from proceeding against him in a criminal action presently pending before that court. We issued our rule to show cause and now discharge the rule.

At approximately 11:18 p.m. on the evening of July 4, 1977, a dark colored motorcycle bearing temporary Colorado license plates and driven by petitioner, was traveling south on 11th Avenue in Greeley, Colorado. Police Officer Michael Olivieri was directing traffic at the corner of 11th Avenue and 5th Street and had just stopped north-south traffic along 11th Avenue in order to allow east-west traffic to proceed. Petitioner ignored Officer Olivieri's signal to stop, crossed the intersection at a high rate of speed and continued southbound, weaving in and out of the two lanes of traffic.

At 11:28 p.m., while he continued to direct traffic from the same position, Officer Olivieri was struck from the rear by what he believes to be the same motorcycle. The vehicle, bearing the same temporary plates and traveling, again, at a high rate of speed hit Officer Oliveri in the right leg and knocked him to the ground in the middle of the intersection. At the time of the incident, the intersection was fully illuminated by street lights and Officer Olivieri, in full uniform, was using two red flares to direct traffic. According to the officer, there were no other vehicles on the north side of 11th Avenue and the driver of the motorcycle had nearly 28 feet of open roadway on which to drive.

Officer Olivieri radioed police headquarters for assistance and Officer J. D. Jackson responded. As he was proceeding to the scene, Officer Jackson saw the motorcycle approaching him from the north. At the same time, the motorcycle came back into the view of Officer Olivieri who called over his radio, "There he is. Get him!" Officer Jackson turned around and pursued the motorcycle. Petitioner, who was driving the motorcycle, ignored Jackson's red signal lights and loudspeaker instructions to pull to the side of the road. Instead, he accelerated and a high speed chase ensued. Petitioner eventually pulled to the side of the road, where he was arrested and taken to jail.

Charges were filed in county court accusing the defendant of violating section 42-4-907, C.R.S. 1973 (Failure to Drive in a Single Lane); section 42-4-105, C.R.S. 1973 (Disregarding a Police Officer); and section 42-4-1512, C.R.S. 1973 (Attempting to Elude a Police Officer). Defendant was later charged in the district court with violation of section 18-9-116.5, C.R.S. 1973, (1976 Supp.), (Vehicular Eluding), and section 18-3-203(1)(c), C.R.S. 1973 (Assaulting a Police Officer). Defendant pled guilty to the three county court charges and subsequently moved to dismiss the district court charges on the basis of section 18-1-408(2), C.R.S. 1973. At the hearing on defendant's motion to dismiss, the trail court granted a motion by the district attorney to dismiss the eluding charge,

but refused defendant's motion to dismiss the assault charge.

Section 18-1-408(2), C.R.S. 1973 provides:

"(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution *if they are based on the same act or series of acts arising from the same criminal episode.* Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution." (Emphasis supplied.)

Defendant argues that the district court's failure to dismiss the assault charge pending against him in the district court directly contravenes this statutory provision. *See also,* Crim. P. 8(a). We find that the assault charge filed in the district court and the traffic charges filed in the county court did not arise out of the same criminal episode and therefore discharge the rule issued herein.

In *People v. District Court,* 183 Colo. 101, 515 P.2d 101 (1973), we noted that the purpose of the statutory provisions here in question was to prevent the bringing of successive prosecutions based upon essentially the same conduct. And in *People v. Cooke,* 186 Colo. 44, 525 P.2d 426 (1974), we restated that proposition in the following language: ". . . The evil which the statute was designed to cure was harassment of the defendant by means of multiple prosecutions for the same act."

With these principles in mind, this court indicated in *People v. Tulipane,* 192 Colo. 476, 560 P.2d 94 (1977), that separate offenses are part of the "same criminal episode," as those words are used in the statute here in question, only where they involve the same conduct. Applying this test, we held that various criminal acts occurring over a two-day period did not involve the same conduct where they were directed toward different victims.

While there is always difficulty in applying an abstract concept to the facts of a particular case, we think the test enunciated in *Tulipane, supra,* provides well reasoned and practical guidance. Employing this test, we are unable to conclude that the assault charge filed in the district court arose from the same criminal episode that was the basis for any of the counts brought in the county court.

Petitioner in this case engaged in three separate criminal transactions. At 11:18 p.m., he ignored Officer Olivieri's directions to stop so that traffic coming from the opposite direction might proceed through the intersection. This incident apparently gave rise to those county court charges involving failure to drive in a single lane and disregarding a police officer. At 11:28 p.m., petitioner allegedly returned to the intersection and struck Officer Olivieri with his motorcycle. As a result of this incident, petitioner was charged in the district court with assaulting a police officer. Finally, several minutes later, petitioner ignored Officer Jackson's instructions to

pull his motorcycle over to the side of the road and instead commenced a two-mile chase through city streets. This final action gave rise to the county court eluding charge.

While closely related in time, these incidents were separate and distinct. Defendant has not suggested, nor can we perceive any "single criminal objective" which might link defendant's conduct.

Under the facts of this case, therefore, we hold that the count of assaulting a police officer filed in the district court, did not violate the interdiction contained in section 18-1-408(2), C.R.S. 1973.

The rule to show cause is discharged.

MR. JUSTICE HODGES does not participate.