The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Willie Ray McGREGOR, Defendant-Appellant.

No. 79CA0677.

Colorado Court of Appeals, Div. I.

July 16, 1981.

Rehearing Denied Aug. 13, 1981.

Certiorari Denied Nov. 9, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Willie Ray McGregor, appeals the judgment entered on a jury verdict finding him guilty of first degree murder and first degree assault. We affirm.

In July 1978, defendant's wife, from whom he was estranged, was assaulted and her male companion was killed while they were in the house occupied by the wife. The People asserted that defendant deliberately entered the house and attacked the victims with a tire iron. Defendant contended that he came to the house by invitation, was attacked by the victims, one of whom had the tire iron, and that defendant, a karate expert, fended off the attacks in self-defense with the resulting injuries to the victims. The tire iron was recovered by police at the scene.

## I

■ Defendant first contends that the court erred in refusing to sever the counts involving the two victims and in ruling that the testimony of defendant's wife was admissible for all purposes, despite the statutory marital privilege in § 13–90–107(1)(a), C.R.S.1973. We disagree.

Since the acts involved in the killing and the assault were committed at the same time or in immediate succession and at the same place, they arose out of the same criminal episode. *See People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976); *People v. Walker*, 189 Colo. 545, 542 P.2d 1283 (1975). *Cf. Brutcher v. District Court*, 195 Colo. 579, 580 P.2d 396 (1978). Therefore, it was appropriate to include the separate counts in a single information. Crim.P. 8(a); § 18–1–408(2), C.R.S.1973 (1978 Repl. Vol. 8). For the reasons set forth below, there was no showing of any abuse of discretion in denying defendant's Crim.P. 14 motion to sever the two counts for separate trials. *People v. Walker, supra.*

In *Trammel v. United States*, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980), a case appealed after trial and conviction in the Colorado federal district court, the court held that in a prosecution for a federal offense the privilege against adverse spousal testimony vests in the witness spouse alone, and that such witness may be neither

compelled to, nor foreclosed from, testifying. The court stated that:

"Testimonial exclusionary rules and privileges contravene the fundamental principle that 'the public . . . has a right to every man's evidence.' . . . As such, they must be strictly construed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.' "

In Colorado, a spouse is competent to testify against the other spouse in a criminal action "for a crime committed by one against the other." Section 13–90–107(1)(a), C.R.S. 1973. Here, defendant was prosecuted for crimes committed in one criminal episode against his wife and her male companion.

■ Applying the *Trammel* standard for construing the statute, *see O'Loughlin v. People*, 90 Colo. 368, 10 P.2d 543 (1932), we hold that the statutory exception applies whether the charges were tried separately or in one proceeding. This view is supported by the majority of jurisdictions with similar statutes where the issue has been raised. *See, e. g., People v. Ford*, 60 Cal.2d 772, 36 Cal.Rptr. 620, 388 P.2d 892 (1964); *Miller v. State*, 78 Neb. 645, 111 N.W. 637 (1907); *State v. Briley*, 53 N.J. 498, 251 A.2d 442 (1969); *State v. Wilson*, 218 Or. 575, 346 P.2d 115 (1959); *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (Pa. 1976); *State v. Thompson*, 88 Wash.2d 518, 564 P.2d 315 (1977); 2 *Wharton's Criminal Evidence* § 396 (C. Torcia 13th ed. 1972). Hence, it was not error to allow defendant's wife to testify to the entire incident.

## II

Defendant next contends that the court erred in giving a coercive and restrictive instruction to the jury. The challenged instruction stated in pertinent part:

"If you are not satisfied beyond a reasonable doubt that the defendant is guilty of an offense charged, or you entertain a reasonable doubt of the defendant's guilt, you may consider whether he is guilty of a lesser offense which is included in the offense charged if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.

. . . .

"If, after considering all of the evidence, you find that the prosecution has established beyond a reasonable doubt that the defendant . . . committed the offense charged or a lesser offense listed in these instructions, you should find the defendant guilty . . . ."

This instruction is very similar to that recommended in *Colo. J.I.–Crim.* 36:6. Defendant contends that the instruction improperly required the jury to acquit defendant of the greater offense before the jury could consider the lesser included offenses. We disagree.

The instruction does not require acquittal of the greater charge by a unanimous vote of the jury, *see* § 16–10–108, C.R.S.1973 (1978 Repl. Vol. 8), before the jury can consider the lesser included offenses. So limiting the jury's deliberations has been held to be reversible error. *See People v. Mays*, 407 Mich. 619, 288 N.W.2d 207 (1980). But, reversible error results only when the instruction mandates or conveys the impression that there must be an acquittal on one charge before consideration of another. *Mays, supra.*

■ In Colorado, a defendant is entitled to have the jury instructed on a lesser included offense "[w]hen a jury could entertain a reasonable doubt of a defendant's guilt of a greater offense and simultaneously be convinced beyond a reasonable doubt of that defendant's guilt of a lesser included offense." *See Bowers v. People*, Colo., 617 P.2d 560 (1980). The instruction given here did not restrict the order in which the jury could consider the various offenses, and correctly stated the law as expressed in *Bowers, supra. See also People v. Bankston*, 61 Mich.App. 275, 232 N.W.2d 381 (1975).

We have reviewed the other claims of error raised by defendant and conclude they are without merit.

Judgment affirmed.

SMITH and TURSI, JJ., concur.