## No. 27233
### The People of the State of Colorado v. Herbert Tulipane
(560 P.2d 94)

Decided February 22, 1977.

---

[4] Now section 38-22-109(5), C.R.S. 1973 (1976 Supp.).

Robert L. Russel, District Attorney, Jon C. Thomas, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Barney Iuppa, Jr., Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The district attorney appeals from an order of the district court, dismissing an eight-count information against defendant-appellee Herbert Tulipane. We reverse the judgment of dismissal.

The dismissal arose out of the following circumstances. On June 9, 1975, defendant was charged in the county court of El Paso County with criminal mischief misdemeanor against the property of Fountain Valley Lanes, committed on June 9, 1975, in violation of section 18-4-501, C.R.S. 1973.

On June 12, 1975, a nine-count information was filed in the district court of El Paso County, charging the defendant with the following offenses: count 1, criminal mischief felony against the property of Peter Watson, d/b/a Fabrics Plus, committed on June 9, 1975, in violation of section 18-4-501, C.R.S. 1973; count 2, second-degree burglary against the property of Bart and Gaby Childs, d/b/a Zugspitze German Delicatessen, committed on June 8 and 9, 1975, in violation of section 18-4-203, C.R.S. 1973; count 3 theft misdemeanor of the property of Bart and Gaby Childs, d/b/a Zugspitze German Delicatessen, committed on June 8 and 9, 1975, in violation of section 18-4-401, C.R.S. 1973;[1] count 4, criminal mischief misdemeanor against the property of Vern C. Mann, d/b/a Security Exxon, committed on June 8 and 9, 1975, in violation of section 18-4-501, C.R.S. 1973; count 5, second-degree burglary against the property of Kenneth Blackmore, d/b/a Quality Oil Company, committed on June 9, 1975, in violation of section 18-4-203, C.R.S. 1973; count 6, theft misdemeanor of the property of Kenneth Blackmore, d/b/a Quality Oil Com-

---

[1] Now section 18-4-401, C.R.S. 1973 (1976 Supp.).

pany, committed on June 9, 1975, in violation of section 18-4-401, C.R.S. 1973; count 7, second-degree burglary against the property of Walt Gabardi, d/b/a Gabardi Texaco Station, committed on June 9, 1975, in violation of section 18-4-203, C.R.S. 1973, count 8, theft misdemeanor of the property of Gabardi Texaco Station, committed on June 9, 1975, in violation of section 18-4-401, C.R.S. 1973; count 9, criminal mischief misdemeanor against the property of Scott Danley, d/b/a Fountain Valley Lanes, committed on June 9, 1975, in violation of section 18-4-501, C.R.S. 1973.

On September 25, 1975, defendant entered a plea of guilty in the county court to the criminal mischief misdemeanor. Thereafter, he filed his motion in the district court to dismiss count 9 of the information, which charged the same offense to which he had pleaded guilty in the county court. This motion to dismiss was granted.

The defendant then moved to dismiss all of the remaining eight counts of the information, contending that the plea of guilty entered in the county court on the criminal mischief misdemeanor charge acted as a bar to further prosecution under section 18-1-408(2), C.R.S. 1973. This section provides:

"(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."

The defendant argued in the district court that the statute required the district attorney to bring all of the charges in a single prosecution, for the reason that all of the charges arose out of the same criminal episode within a short period of time between the 8th and 9th of June; and therefore, since the district attorney, on June 9, filed but one charge of criminal mischief misdemeanor in the county court, to which defendant pleaded guilty, the district attorney was barred from later prosecuting the defendant on the other eight counts in the district court. The court agreed and dismissed all of the remaining counts of the information. The court erred in its construction of the statute.

This court, in *People v. Dist. Ct.*, 183 Colo. 101, 515 P.2d 101, noted that the statute was adapted from the Model Penal Code, section 108(2) (Tent. Draft No. 5, 1956), and that the purpose of the statute was to prevent the bringing of successive prosecutions based upon *essentially the same conduct*. In *People v. Cooke*, 186 Colo. 44, 525 P.2d 426, the court reiterated the purpose in these words: "* * * The evil which the statute was designed to cure was harassment of the defendant by means of multiple prosecutions for the same act. * * *"

In analyzing the various counts of the information, it is evident that they are not based on the "* * * same act or series of acts arising from the same criminal episode." Count 1, charging criminal mischief felony, did not involve the same conduct as the other counts. The proscribed conduct there was directed toward the property of the victim, Peter Watson. In count 4, charging criminal mischief misdemeanor, the alleged criminal conduct was directed toward the victim, Vern C. Mann. Similarly, counts 2 and 3, charging burglary and theft against the property of Bart and Gaby Childs, alleged different conduct than the burglary and theft charges set forth in counts 5 and 6, and counts 7 and 8. And clearly the criminal mischief misdemeanor charge to which the defendant pleaded quilty in the county court was not the same conduct as that charged in the various counts in the information.[2]

It follows that, since the complaint in the county court did not involve the same conduct or same act or series of acts as alleged in the first eight counts of the information, it was error for the district court to dismiss those counts.

The judgment is reversed and the cause remanded to the district court with directions to reinstate the eight counts of the information.

---

[2] One example of the mandate of the statute is demonstrated by the tandem charges set forth in counts 2 and 3, and also in counts 5 and 6, and 7 and 8. The burglary and theft charges there alleged are required to be prosecuted in a single prosecution, inasmuch as they are based upon the same act or series of acts arising from the same criminal episode — the unlawful entering of a building with intent to commit the crime of theft, and the subsequent commission of the crime of theft therein. If the district attorney elected to prosecute the defendant only on the burglary count, he could not later in another case prosecute the defendant for the theft which occurred during the burglary.