**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**David Lynn ROGERS and the District Court within and for the Twenty-Second Judicial District of the State of Colorado and the Honorable Robert Wilson, Judge thereof, Defendants-Appellees.**

**No. 86SA156.**

Supreme Court of Colorado, En Banc.

Sept. 14, 1987.

Rehearing Denied Oct. 5, 1987.

Dean J. Johnson, Dist. Atty., Karen S. Winchester, Deputy Dist. Atty., Cortez, for plaintiff-appellant.

David F. Vela, Public Defender, Douglas D. Barnes, Deputy Public Defender, Denver, for defendants-appellees.

ERICKSON, Justice.

This is an appeal from a district court order dismissing felony charges against the defendant, David Rogers, for possession, cultivation, and conspiracy to cultivate marijuana in violation of sections 18–18–106(4)(b), 18–18–106(8)(a)(I), 18–2–201, 8B C.R.S. (1986). During a search of the defendant's residence pursuant to a search warrant, the police found marijuana, marijuana plants, tools for its cultivation and consumption, and three talons of a protected bird of prey. The defendant was charged by information in district court with the felony drug charges, and by complaint in county court with possession of raptor talons, a misdemeanor in violation of section 33–6–109, 14 C.R.S. (1984). Following the defendant's entry of a guilty plea to the misdemeanor charge, the district court ruled that the Colorado compulsory criminal joinder statute, section 18–1–408(2), 8B C.R.S. (1986), required the prosecution to join the felony drug charges with the misdemeanor complaint, and that the defendant's guilty plea to the misdemeanor charge foreclosed subsequent prosecution on the felony information. We reverse and remand with directions.

I.

On September 5, 1985, deputies of the Montezuma County Sheriff's office searched the defendant's residence pursuant to a valid search warrant. During the

search, the police discovered a quantity of marijuana in the defendant's home, marijuana plants growing between corn rows in his garden, and implements used for the cultivation, production, and consumption of marijuana. The police also found three large bird claws, which were later identified as raptor[1] talons. One of the talons was found in the defendant's living room, and had an alligator clip containing a marijuana cigarette attached to the upper part of the talon. The other two claws were discovered in a dresser drawer in the master bedroom of the defendant's home.

Because the deputies were not sure whether possession of the talons was a crime, and if so, what steps then should be taken, they contacted the Montezuma County District Attorney's office and advised the district attorney that they inadvertently had discovered three large bird claws in the defendant's home. The district attorney told the police to contact the Colorado Division of Wildlife (Division) and request the Division to send one of its officers to the defendant's home to inspect the claws. The police called the Division and related their discovery to Michael Reid, a district wildlife manager. Reid went to the defendant's home, examined the claws, and determined that they were raptor talons, possession of which is a misdemeanor punishable by a fine. See § 33–6–109, 14 C.R.S. (1984). The sheriff's deputies gave Reid the two talons found in the bedroom and retained the talon with the alligator clip and marijuana cigarette attached.

On September 16, 1985, a complaint was filed in Montezuma County Court charging the defendant with possession of eight or more ounces of marijuana, a class-five felony in violation of section 18–18–106(4)(b), 8B C.R.S. (1986), cultivation of marijuana, a class-four felony in violation of section 18–18–106(8)(a)(I), 8B C.R.S. (1986), and conspiracy to cultivate marijuana, a class-five felony in violation of section 18–2–201, 8B C.R.S. (1986). The defendant did not request a preliminary hearing, and was

bound over to the Montezuma County District Court on October 8, 1985.

On October 10, 1985, Reid served the defendant with a "penalty assessment notice" charging him with unlawful possession of raptor talons in violation of section 33–6–109, 14 C.R.S. (1984). A "penalty assessment notice" is a specialized summons and complaint that may be issued by an officer of the Division of Wildlife for violations of the wildlife code, sections 33–1–101 to 33–6–130, 14 C.R.S. (1984 & 1986 Supp.), and must specify the alleged violation and fine assessed. See § 33–6–104(2), 14 C.R.S. (1986 Supp.). If the offender pays the fine to the Division within fifteen days, the payment constitutes an acknowledgment of guilt of the violation specified in the notice. Id. If the offender does not pay the fine within fifteen days, the issuing officer must docket the penalty assessment notice with the county court to require the offender to appear and answer the charges set forth in the notice. Id.

Several days before Reid issued the penalty assessment notice to the defendant, he met with Steve Strauss, a deputy district attorney for the Twenty-Second Judicial District, which is comprised of Montezuma and Delores Counties. See § 13–5–123, 6 C.R.S. (1973). Reid and Strauss discussed whether the district attorney's office should prosecute the wildlife and drug charges in a single action, and Strauss concluded that Reid should "handle it like [he] would normally." Reid thereafter issued the penalty assessment notice, which was made returnable in county court on December 3, 1985.

The defendant did not pay the fine as specified in the penalty assessment notice, and Reid docketed the case with the Montezuma County Court in accordance with section 33–6–104(2), 14 C.R.S. (1986 Supp.). On December 3, 1985, the defendant appeared in the county court and pleaded guilty to unlawful possession of raptor talons in violation of section 33–6–109, 14 C.R.S. (1984). The court accepted the plea

---

1. A raptor is any bird that is a member of the orders Falconiforme or Strigiforme. § 33–1– 102(37), 14 C.R.S. (1984). Raptors include falcons, hawks, owls, and eagles. Id.

and fined the defendant $548. Strauss was present in the county court at that time.

On December 4, 1985, the defendant entered a not-guilty plea in district court on the felony drug charges. On March 5, 1986, five days before trial, defense counsel moved to dismiss all the felony charges, alleging that the failure to join the wildlife and drug charges in one proceeding violated the criminal joinder statute, section 18–1–408(2), 8B C.R.S. (1986). The district court granted the motion and dismissed the information. This appeal followed. *See* § 16–12–102, 8A C.R.S. (1986); C.A.R. 4(b)(2).

## II.

The Colorado compulsory criminal joinder statute provides:

> If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.
> § 18–1–408(2), 8B C.R.S. (1986).[2]

■■■ The prosecution contends that the defendant did not comply with Crim.P. 12(b)(3) and waived his compulsory joinder claim when he failed to raise the issue within twenty days of his arraignment on the felony charges. *See* Crim.P. 12(b)(2), (3).[3] We disagree.

Since the defendant's motion did not raise a defense based on a defect "in the institution of the prosecution or in the ... information," it is not barred under Crim.P. 12. It is well-established that "[a]n information is sufficient if it advises the defendant of the nature of the charges against him so that he can adequately defend himself and be protected from further prosecution for the same offense." *People v. Hunter*, 666 P.2d 570, 573 (Colo.1983); *see also People v. Moore*, 200 Colo. 481, 484, 615 P.2d 726, 728 (1980); *Digiallonardo v. People*, 175 Colo. 560, 565, 488 P.2d 1109, 1112 (1971). The defendant is correct in his

---

**2.** Crim.P. 8(a) imposes an identical duty on the prosecutor:

> If several offenses are known to the prosecuting attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the prosecuting attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any such offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

The test for conduct comprising "the same criminal episode" under the compulsory joinder statute is identical to the standard applied for joinder under Crim.P. 8(a). *Corr v. District Court*, 661 P.2d 668, 673 (Colo.1983); *Jeffrey v. District Court*, 626 P.2d 631, 639 (Colo.1981).

**3.** Crim.P. 12 provides:

> Defenses and objections based on defects in the institution of the prosecution or in the indictment or information or complaint, or summons and complaint, other than that it fails to show jurisdiction in the court or to charge an offense, may be raised only by motion. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection constitutes a waiver of it,

but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the proceeding. When a motion challenging the constitutionality of the statute upon which the charge is based or asserting lack of jurisdiction is made after the commencement of the trial, the court shall reserve its ruling on that motion until the conclusion of the trial.

. . . .

> The motion shall be made within twenty days following arraignment.

In response to the prosecution's claim that the defendant's motion is barred by Rule 12, the defendant asserts that the joinder defect is jurisdictional and that the defense is not subject to the requirements of Rule 12. *See Ruth v. County Court*, 38 Colo.App. 459, 563 P.2d 956 (1977) (the compulsory joinder statute operates as a jurisdictional bar to prosecution), *rev'd on other grounds, County Court v. Ruth*, 194 Colo. 352, 575 P.2d 1 (1977); *cf. Bustamante v. District Court*, 138 Colo. 97, 329 P.2d 1013 (1958) (statutes of limitation in criminal cases create a jurisdictional bar to prosecution); Fed.R. Crim.P. 12 advisory committee's note (jurisdictional defenses include former jeopardy, former acquittal, statute of limitations, immunity, and failure of the information to state an offense).

assertion that the compulsory joinder defense was not available when the felony drug prosecution was instituted, since the wildlife charge had not been filed. The motion was therefore not based on a defect in the institution of the prosecution. Accordingly, Crim.P. 12 did not prevent the defendant from moving for dismissal more than twenty days after his arraignment.

We recently held that when a defendant asserts his rights under the compulsory joinder statute "prior to the beginning of the second trial," he has not waived his rights. *See People v. Bossert*, 722 P.2d 998, 1011–12 (Colo.1986).[4] In *Bossert*, we explained that the goals of the compulsory joinder statute are to protect the defendant from an oppressive second trial and to preserve judicial and legal resources. We concluded that neither of these purposes would be served by allowing defendant to raise the issue of compulsory joinder *after* his second trial. Where, as here, the defendant raises the issue before the second trial begins, the policies underlying the compulsory joinder rule still apply and the defendant does not waive the defense.

### III.

The purposes of compulsory joinder in criminal cases are "to protect the accused against the oppressive effect of sequential prosecutions based on conduct occurring during the same criminal episode and to conserve judicial and legal resources that otherwise would be wasted in duplicative proceedings." *Corr v. District Court*, 661

P.2d 668, 671 (Colo.1983) (quoting *Jeffrey v. District Court*, 626 P.2d 631, 637 (Colo. 1981)); *see also Ruth v. County Court*, 198 Colo. 6, 595 P.2d 237 (1979); *People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974).[5] In *Jeffrey v. District Court*, we identified five elements that must be proven before a subsequent prosecution of criminal charges against the defendant is barred: (1) the defendant is charged with several offenses in the same judicial district; (2) the defendant is prosecuted in one criminal action on one or more but not all of the offenses; (3) the prosecutor knows of the several offenses at the commencement of the prosecution; (4) the offender was subjected to a single prosecution; and (5) the several offenses are based on the same act or series of acts arising from the same criminal episode. *Jeffrey*, 626 P.2d at 637; *see also Corr*, 661 P.2d at 671.

In this case, the record is clear that the wildlife and drug charges against the defendant arose in the same judicial district, that the defendant was prosecuted on the wildlife charge in a separate proceeding, that the prosecution knew of the several offenses at the commencement of the misdemeanor prosecution, and that the defendant was subjected to a single prosecution on the wildlife charge.[6] However, the trial court erred, based on the record before it, in finding that the drug and wildlife charges arose from the same criminal episode.

■ In *Jeffrey*, 626 P.2d at 637, we ruled that felony charges of first-degree criminal

---

**4.** In *Bossert*, we also decided that the compulsory joinder statute does not impose a jurisdictional bar to the second prosecution. 722 P.2d at 1012.

**5.** The proscription of the compulsory joinder statute is broader than that of the Double Jeopardy Clause and its statutory counterpart, section 18–1–301, 8B C.R.S. (1986). *See Jeffrey v. District Court*, 676 P.2d at 639. However, the two concepts are related and based on similar policy concerns. *See People v. Freeman*, 196 Colo. 238, 583 P.2d 921 (1978).

**6.** We do not decide whether joinder would be required in this case if the defendant had paid the fine specified in the penalty assessment notice and the wildlife officer had not consulted with the district attorney's office prior to issuing

the notice. We have held that disposition of criminal charges does not bar the subsequent prosecution of other charges arising from the same criminal episode where the district attorney does not participate in the decision to prosecute the prior charges. *See People v. Wright*, 742 P.2d 316 (1987) (the compulsory joinder statute does not bar the prosecution of state offenses that are different from, but arose out of the same criminal episode as, a municipal violation to which the defendant pleaded guilty in municipal court); *Williamsen v. People*, 735 P.2d 176 (Colo.1987) (where a summons and complaint charging a traffic infraction is made returnable to a referee, the district attorney is precluded from participating in the proceeding, and the defendant's acquittal of the traffic charge does not bar a subsequent prosecution for driving under the influence).

trespass and conspiracy to commit first-degree criminal trespass were required by the compulsory joinder statute to be joined with misdemeanor charges of third-degree assault where each offense was committed by the defendant at virtually the same time and place and in furtherance of a plan to remove an infant from the home of a co-conspirator's former girlfriend.[7] We held:

> For purposes of joinder under [section 18–1–408(2)], "a series of acts arising from the same criminal episode" would include physical acts that are committed simultaneously or in close sequence, that occur in the same or closely related places, and that form part of a schematic whole.... Here the record establishes that the petitioner and Ryder, while driving over to Rice's trailer in Loveland, planned and agreed to the assault of Rice and the removal of the child. Upon their arrival at the trailer they engaged in overt acts in pursuance of their illegal agreement.... Although each offense involved a separate act, the acts themselves occurred sequentially in a narrow time frame and in virtually the same place. Certainly, these offense are sufficiently related to require their joinder under [section 18–1–408(2)]....

*Id.* 626 P.2d at 639–40 (emphasis added). In *Corr,* 661 P.2d at 673–74, we clarified *Jeffrey* and stated:

> We did not hold in *Jeffrey* that nearness in time, proximity of place, and unity of scheme are indispensable prerequisites to joinder under the "same criminal episode" standard.... Given the salutary purposes of joinder, the coexistence of any one or two of these components might independently be sufficient, under appropriate circumstances, to permit the joinder of multiple offenses under the "same criminal episode" standard....
>
> Whatever may be the outer limits of section 18–1–408(2) ..., we are satisfied that the term *"same criminal episode"* contemplates a joinder standard sufficiently broad to include offenses committed within the same unit of time at the same location, irrespective of whether these offenses are otherwise related to each other by some underlying unity of purpose or scheme.

(Emphasis added.) Relying on *Corr,* the defendant contends that the drug and wildlife charges were required to be joined under the compulsory joinder statute because they allegedly involved separate acts, albeit unrelated, that occurred on the defendant's property over the same period of time. The defendant misconstrues our opinion in *Corr.* We have never held that nearness in time and place between several offenses, without more, requires their joinder under section 18–1–408(2). We merely pointed out that under the circumstances of a particular case compulsory joinder may include offenses committed within the same unit of time at the same location. We have repeatedly stated that a closer connection between two or more offenses must be established before they are deemed to arise from "the same criminal episode." *See People v. Freeman,* 196 Colo. 238, 583 P.2d 921 (1978) (the compulsory joinder rule is designed to prevent the state from bringing successive prosecutions *for the same criminal conduct*); *People v. Tulipane,* 192 Colo. 476, 560 P.2d 94 (1977) (the purpose of the compulsory joinder statute is to prevent the bringing of successive prosecutions *based upon essentially the same conduct*); *People v. Walker,* 189 Colo. 545, 542 P.2d 1283 (1975) (a trial court is not obligated to sever two counts of assault, where the evidence clearly indicated that the two counts arose out of the *same continuous sequence of events and were based on two acts connected together*); *People v. Cooke,* 186 Colo. 44, 525 P.2d 426 (1974) (the statute protects against harassment of the defend-

---

**7.** The defendant in *Jeffrey* was acquainted with Gary Ryder, who learned that his former girlfriend and an infant he allegedly fathered were now residing with another man, Clint Rice. Ryder and Jeffrey, along with two other companions, drove to Rice's house for the purpose of assaulting him and removing the infant. Ryder entered the home first, chased Rice outside, and assaulted him in a nearby yard. Jeffrey then entered the home and assaulted Ryder's former girlfriend while taking the baby from her.

ant by means of multiple prosecutions *for the same act*).

Our decision in *Brutcher v. District Court*, 195 Colo. 579, 580 P.2d 396 (1978), is illustrative. In *Brutcher*, the petitioner drove through an intersection at a high rate of speed, ignoring a traffic officer's order to stop. As he left the intersection, the petitioner began weaving between two lanes of traffic. Ten minutes later, the petitioner returned to the intersection and struck the traffic officer from behind. Other officers arrived, and the petitioner was arrested after a high-speed chase. The petitioner was charged in county court with failing to drive in a single lane, disregarding a police officer, and attempting to elude a police officer, and charged in district court with vehicular eluding and assaulting a police officer. The petitioner pleaded guilty to the county court charges, and moved to dismiss the district court charges on the ground that all the charges arose from the same criminal episode and were required to be joined under the compulsory joinder statute. The district court dismissed the eluding charge but denied the motion to dismiss the assault charge. In an original proceeding, we held that the compulsory joinder statute did not require that the assault charge be joined with the county court charges:

> [S]eparate offenses are part of the "same criminal episode," as those words are used in the statute here in question, only where they involve the same conduct.
>
> . . . .
>
> Employing this test, we are unable to conclude that the assault charge filed in the district court arose from the same criminal episode that was the basis for any of the counts brought in the county court.

Petitioner in this case engaged in three separate criminal transactions. At 11:18 p.m., he ignored Officer Olivieri's directions to stop so that traffic coming from the opposite direction might proceed through the intersection. This incident apparently gave rise to those county court charges involving failure to drive in a single lane and disregarding a police officer. At 11:28 p.m., petitioner allegedly returned to the intersection and struck Officer Olivieri with his motorcycle. As a result of this incident, petitioner was charged in the district court with assaulting a police officer. Finally, several minutes later, petitioner ignored Officer Jackson's instructions to pull his motorcycle over to the side of the road and instead commenced a two-mile chase through city streets. This final action gave rise to the county court eluding charge.

> *While closely related in time, these incidents were separate and distinct. Defendant has not suggested, nor can we perceive any "single criminal objective" which might link defendant's conduct.*

*Id.* at 581–82, 580 P.2d at 398 (emphasis added).

Offenses based on acts or series of acts "arising from the same criminal episode" thus include offenses arising either from the same conduct of the defendant or offenses connected in such a manner that prosecution of the offenses will involve substantially interrelated proof. Although the charges need not be based solely on the same facts, *see Corr*, 661 P.2d at 674 n. 10, "a critical characteristic" of same criminal episode offenses, particularly in cases involving unrelated offenses or offenders, "is the fact that proof of one necessarily involves proof of the others." II Standards for Criminal Justice, Joinder and Severance § 13–1.2 commentary at 13–10 (1979); *see also People v. Pickett*, 194 Colo. 178, 571 P.2d 1078 (1977) (trial court properly joined felony menacing count with unrelated charges of possession of an illegal weapon and carrying a concealed weapon, where the knife seized from the defendant was relevant to all charges); *Stackhouse v. Municipal Court*, 63 Cal.App.3d 243, 133 Cal. Rptr. 694 (1976) (where police discovered marijuana during a search of the defendant's car after his arrest for a traffic offense, the marijuana and traffic charges are not overlapping in character and proof and need not be joined); *State v. Carroll*, 63 Haw. 345, 627 P.2d 776 (1981) (the test

for whether conduct arises from the same criminal episode is whether conduct is so closely related in time, place, and circumstances that a complete account of one charge cannot be related without referring to the details of the other); *State v. Cook*, 47 N.J. 402, 221 A.2d 212 (1966) (joinder of two murder charges was proper where each murder was part of a single occurrence and evidence tending to prove one crime tends equally to prove the other); *State v. Boyd*, 271 Or. 558, 533 P.2d 795 (1975) (joinder is required only where the facts of each charge can be explained adequately only by drawing upon facts of the other charge); *State v. Parrish*, 45 Or.App. 99, 607 P.2d 778 (1980) (two offenses arise out of the same criminal episode if the charges are so factually interrelated that a complete account of one charge cannot be related without relating details of the other).

■ Basing the application of the compulsory joinder statute on a determination of the interrelationship between the proofs of the several offenses properly focuses the trial court's inquiry on the degree to which the defendant is harassed and judicial resources wasted by successive prosecutions. *See State v. Carroll*, 63 Haw. at 351, 627 P.2d at 780. Where the proof or defense of one charge necessarily involves the proof or defense of another charge, sequential prosecutions of the two charges burden both the defendant and the state with repetitive presentation of evidence. However, where the proofs of the charges are not interrelated, the prejudice to the defendant caused by separate prosecutions is minimal. For purposes of compulsory joinder, the requirement that offenses arise out of "the same criminal episode," must be interpreted to include the condition that the offenses be connected in such a manner

that prosecution of the offenses involve substantially interrelated proof. Crimes that are committed simultaneously or in close sequence, crimes that occur in the same or closely related place, and acts that form part of the schematic whole, generally involve interrelated proof.

■ Proof of different crimes is interrelated if the proof of one crime forms a substantial portion of proof of the other. *See United States v. Montes-Cardenas*, 746 F.2d 771, 776 (11th Cir.1984).[8] Separate trials for crimes that do not share a substantial factual nexus do not prejudice a defendant. If proof of one of the crimes charged is not relevant to proof of the other, then the two crimes do not involve interrelated proof and as a matter of law are not part of the "same criminal episode" as that term is used in section 18–1–408, 8B C.R.S. (1984). Since the defendant is not prejudiced, our approach is consistent with the "evident purpose of the section to eliminate undue harassment by successive trials," Model Penal Code § 1.07 commentary at 120 (1985), and conserve judicial resources by avoiding duplicative proceedings. *Corr*, 661 P.2d at 671.

In this case, the trial court did not determine whether the proofs of the wildlife and drug charges are interrelated. Because the felony and misdemeanor charges are not based on the same conduct, the extent to which the two prosecutions will burden the defendant with repetitive proof is crucial to the resolution of the motion to dismiss. Because the record is inadequate to determine the issue in this appeal, the dismissal of the felony information is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

QUINN, C.J., dissents.

---

**8.** The federal analogue to Colorado's compulsory joinder statute is found in Fed.R.Crim.P. 8(a), which provides:

  Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transactions or on two or more acts or transactions con-

nected together or constituting parts of a common scheme or plan.

Two crimes are "connected" together if the proof of one crime constitutes a substantial portion of the proof of the other. *United States v. Montes-Cardenas*, 746 F.2d 771, 776 (1984); *see also United States v. Sweig*, 441 F.2d 114. 118–19 (2d Cir.), *cert. denied*, 403 U.S. 932, 91 S.Ct. 2256, 29 L.Ed.2d 711 (1971).

QUINN, Chief Justice, dissenting:

I respectfully dissent. The majority recognizes that the purposes of the compulsory joinder bar of section 18–1–408(2), 8B C.R.S. (1986), are "to protect the accused against the oppressive effect of sequential prosecutions based on conduct occurring during the same criminal episode and to conserve judicial and legal resources that otherwise would be wasted in duplicative proceedings," maj. op. at 916 (quoting *Jeffrey v. District Court,* 626 P.2d 631, 637 (Colo.1981)), but then goes on to read into the "same criminal episode" the requirement that the multiple offenses either arise from "the same conduct of the defendant" or be so connected that "prosecution of the offenses will involve substantially interrelated proof." Maj. op. at 918. This requirement which the majority gratuitously engrafts on the compulsory joinder bar defeats the very purpose of that statutory protection.

I.

I acknowledge, as does the majority, that the requirement of compulsory joinder is certainly broad enough to include separate offenses arising from essentially the same conduct, *e.g., People v. Freeman,* 196 Colo. 238, 583 P.2d 921 (1978); *People v. Walker,* 189 Colo. 545, 542 P.2d 1283 (1975), and in some situations different offenses involving substantially interrelated proof, *e.g., People v. McCrary,* 190 Colo. 538, 549 P.2d 1320 (1976), since such interrelated proof might well be indicative of a common plan or scheme. The protections of the compulsory joinder bar, however, go much further. The plain language of section 18–1–408(2) extends the compulsory joinder bar to offenses "based on the same act or series of acts arising from the same criminal episode." If the legislature intended to limit the compulsory joinder bar to offenses arising from the "same conduct" or to offenses "involving substantially interrelated proof," it clearly would have employed appropriate language expressive of those limiting concepts, especially since it has utilized similar terms of limitation in other sections of the Colorado Criminal Code.[1]

In *Corr v. District Court,* 661 P.2d 668 (Colo.1983), this court, in a unanimous opinion, interpreted the compulsory bar to apply to a prosecution in district court for possession of a marijuana concentrate seized by police officers during the defendant's arrest for misdemeanor traffic offenses which were separately filed in county court and to which the defendant pled guilty. We initially noted in *Corr* that the test for the "same criminal episode" terminology in section 18–1–408(2) should be identical to the standard for the joinder of offenses under Crim.P. 8(a), "since both the statute and the rule employ practically identical language." 661 P.2d at 673. We then observed that, for purposes of compulsory joinder, offenses arising out of "the same criminal episode" would include crimes committed simultaneously or in close sequence, crimes occurring in the same place or closely related places, and crimes that form part of a schematic whole, but hastened to add that the existence of all three components is not an indispensable prerequisite to compulsory joinder.

1. *See, e.g.,* § 18–1–302(1)(a)(II), 8B C.R.S. (1986) (prosecution for violation of different provision of law than former prosecution is barred, and also prosecution based on different facts is barred, when former prosecution results in acquittal or conviction and subsequent prosecution is for *same conduct,* unless offense in former prosecution and offense in subsequent prosecution each requires proof of fact not required by other and law defining each offense is intended to prevent substantially different harm or evil, or second offense was not consummated when former trial began); § 18–1–303(1)(a)(I), 8B C.R.S. (1986) (if conduct constitutes an offense within concurrent jurisdiction of Colorado and United States or another state or municipality, a prosecution in any of these jurisdictions is a bar to subsequent prosecution in Colorado when the first prosecution results in conviction or acquittal and the second prosecution is based on *same conduct,* unless offense for which defendant was formerly convicted or acquitted requires proof of fact not required by offense for which he is subsequently prosecuted and law defining each offense is intended to prevent substantially different harm or evil); § 18–1–408(3), 8B C.R.S. (1986) (when two or more offenses are joined in one prosecution and are supported by *identical evidence,* the court upon application of defendant may require prosecution, at the conclusion of the evidence, to elect the count upon which issues shall be tried).

661 P.2d at 673.[2] In holding that the compulsory joinder bar of section 18–1–408(2) barred Corr's prosecution for the drug offense, we stated:

We recognize that, in the last analysis, the determination of whether several criminal acts arise from the same criminal episode for purposes of the compulsory joinder statute depends upon an examination of the facts of the particular case. *See, e.g., Jeffrey v. District Court, supra; Ruth v. County Court,* 198 Colo. 6, 595 P.2d 237 (1979). Whatever may be the outer limits of section 18–1–408(2) and Crim. P. 8(a), a matter we need not decide here, we are satisfied that the term "same criminal episode" contemplates a joinder standard sufficiently broad to include offenses committed within the same unit of time at the same location, irrespective of whether these offenses are otherwise related to each other by some underlying unity of purpose or scheme. A narrower construction, in our view, would mean increased distress and expense to the accused from multiple prosecutions, as well as unnecessary expenditure of judicial, legal and community resources on duplicative proceedings with no demonstrable benefit in return. *See* II ABA *Standards for Criminal Justice, Joinder and Severance,* Standard 13–2.1, commentary at 13.12–13 (2d ed. 1980). It was to avoid these untoward consequences of multiple prosecutions that the compulsory joinder statute was enacted. *See* Comment,

1971 Perm.Supp., C.R.S.1963, 40–1–508. Because the charge of possession of a marijuana concentrate involved an act which occurred at practically the same time and in the same place as the offenses of speeding and driving under the influence, the marijuana charge arose out of the "same criminal episode" as those other offenses for purposes of the compulsory joinder statute.

*Id.* at 674 (footnote omitted).

*Corr* provides the controlling precedent for resolving this case, and the district court properly relied on that precedent in dismissing the felony drug charges as based on the same criminal episode as the misdemeanor offense of unlawful possession of raptor talons to which the defendant had previously entered a guilty plea in county court and was assessed a fine of $548.

## II.

Under the majority's construction of section 18–1–408(2), the defendant in this case conceivably could be charged in three sequential prosecutions, even though all offenses occurred at the defendant's home, were committed at virtually the same time on September 5, 1985, and were based on the same fund of evidence acquired by the police in searching the defendant's home on that date. For example, under such construction, the defendant could be initially prosecuted for cultivation of marijuana and

---

**2.** The *Corr* opinion elaborated on this point as follows:

Given the salutary purposes of joinder, the coexistence of any one or two of these components might independently be sufficient, under appropriate circumstances, to permit the joinder of multiple offenses under the "same criminal episode" standard. We have previously held, for example, that offenses closely related in time and place qualify for joinder. *See People v. Walker,* 189 Colo. 545, 542 P.2d 1283 (1975) (charges of first degree assault and assault on a peace officer, both of which involved different victims, properly joined because they "arose out of the same continuous sequence of events closely related in time and distance"). So also, crimes committed at different times but in the same place and under similar circumstances have properly been joined. *People v. Pickett,* 194 Colo. 178, 571

P.2d 1078 (1977) (charge of felony menacing committed on May 2, 1975, properly joined with charge of illegal possession of weapon committed twenty-eight days later, both offenses occurring at the same location and involving a knife). We have also approved the joinder of crimes committed at different times and places but constituting part of a schematic whole. *People v. McCrary,* 190 Colo. 538, 549 P.2d 1320 (1976) (charge of kidnapping, based on abduction of waitress from doughnut shop in Lakewood, Colorado, and charge of murder, based upon killing of waitress sometime later in an isolated field while on the way to Cheyenne, Wyoming, properly joined as "arising out of the same transaction" under former version of Crim.P. 8(a)).

661 P.2d at 674.

conspiracy to commit that offense, since these offenses did not arise from the "same conduct" as the other offenses and would involve separate and independent proof based on the marijuana plants seized from the defendant's garden and the several implements of cultivation recovered at the defendant's home. Upon completion of that prosecution, the defendant could then be prosecuted for possession of eight ounces or more of marijuana, based on the marijuana recovered from the dresser drawer in the bedroom of the defendant's home, since this second prosecution would not involve the "same conduct" and could proceed independently of the proof admitted at the first trial. Finally, upon completion of the second prosecution, the defendant could then be subjected to a third prosecution for the unlawful possession of raptor talons, since this third prosecution would involve conduct different from the offenses in the former prosecutions and would also not require proof substantially interrelated with those prosecutions.

The majority's construction of section 18–1–408(2) thus invites the division of a criminal episode into separate units of prosecution that easily could be, and should be, consolidated into one prosecution. The compulsory joinder bar, in my view, was not intended to be such a fragile guarantee that a prosecutor may avoid its limitations by simply fragmenting a criminal episode into multiple prosecutions which, in reality, proceed from and amount to nothing less than an integrated and unitary whole. Such a construction effectuates the very harm which the statute was intended to prohibit. I would affirm the judgment of dismissal.