The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Valerio Ernest MIRANDA,
Defendant–Appellee.

No. 86SA396.

Supreme Court of Colorado,
En Banc.

April 25, 1988.

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for plaintiff-appellant.

Gerash, Robinson, Miller & Miranda, P.C., Scott H. Robinson, Denver, for defendant-appellee.

QUINN, Chief Justice.

The People appeal from a judgment of dismissal entered in favor of the defendant, Valerio Ernest Miranda, on the basis of the

compulsory joinder rule in section 18–1–408(2), 8B C.R.S. (1986).[1] The district court dismissed the felony drug and conspiracy charges against the defendant because, in the district court's view, the charges arose out of the "same criminal episode" as other charges for which the defendant was convicted in a separate criminal prosecution. We reverse the judgment and remand the case for further proceedings.

## I.

The defendant was charged in two separate cases in the District Court of Larimer County. The information in the case involved in this appeal (District Court Case No. 85CR724) alleged that on July 19, 1985, in Larimer County, Colorado, the defendant distributed a Schedule II controlled substance (cocaine),[2] possessed a Schedule II controlled substance (cocaine),[3] and conspired with Ernest Benavidez to commit the crime of distribution of a Schedule II controlled substance (cocaine).[4] In a separate prosecution (District Court Case No. 85CR723), the defendant was charged with the following offenses committed on July 25, 1985, in Larimer County: distribution of a Schedule II controlled substance (cocaine); possession of a Schedule II controlled substance (cocaine); and conspiracy with Ernest Benavidez to commit the crime of distribution of a Schedule II controlled substance (cocaine).

The instant case (District Court Case No. 85CR724) was based on acts which allegedly occurred on July 19, 1985. Evidence presented at the preliminary hearing established that the Fort Collins Police Department suspected the defendant of supplying Ernest Benavidez with drugs for further distribution. The police accordingly arranged for an informant to purchase a quarter ounce of cocaine from Ernest Benavidez on July 19, 1985. The informant made a telephone call to Benavidez, who resided at 1504 South Overland Trail, and arranged to make the purchase at 8:00 p.m.

on that evening at Benavidez' house. The informant had been given six one hundred dollar bills to make the purchase and met with Benavidez at the prearranged place and time, giving him $600 for the cocaine. Shortly after 8:00 p.m. the police observed a two-tone, large automobile pull into the driveway of Benavidez' house. The police observed Benavidez leave the house, meet with the driver, and then return inside the house. Upon his return, Benavidez handed the cocaine to the informant. When the large, two-tone automobile left the house, surveillance officers followed it and noted the license plate number, FKE–373. A subsequent check of the number disclosed that the license plate was issued to the defendant whose listed address was 323 North Howes Street.

The other case filed against the defendant (District Court Case No. 85CR723) was based on acts which occurred on July 25, 1985. Police officers arranged with the informant to make a substantial purchase of cocaine from Benavidez for $9,600 on July 25, 1985. The informant arranged with Benavidez to make the purchase at Benavidez' house on that evening and then went to Benavidez' house with the money. Since the officers suspected that the defendant would furnish the cocaine to Benavidez for this transaction, they set up a surveillance of the defendant. The surveillance officers observed the defendant leaving his home in a vehicle and followed him to Benavidez' house. Benavidez met with the defendant outside the house and then reentered the house and sold the cocaine to the informant. After the sale was completed, Benavidez went out to the defendant's vehicle for a brief period of time and reentered the house. The defendant then drove from the scene, and the officers followed him a short distance and arrested him. The officers recovered from the defendant's vehicle $7,600 of the money which the informant had paid to Benavidez for the

1. Appellate jurisdiction lies in this court pursuant to section 16–12–102(1), 8A C.R.S. (1986).

2. § 18–18–105, 8B C.R.S. (1986); § 12–22–310, 5 C.R.S. (1985).

3. § 18–18–105, 8B C.R.S. (1986); § 12–22–310, 5 C.R.S. (1985).

4. §§ 18–18–105 and 18–2–101, 8B C.R.S. (1986).

cocaine. The additional $2,000 was recovered from Benavidez' person. Subsequent to the defendant's arrest, the officers searched the defendant's house, pursuant to warrant, and found two plastic bags containing 109 grams of cocaine and $4,500 in cash.

The case involving the charges based on the acts of July 25, 1985—distribution of a Schedule II controlled substance, possession of a Schedule II controlled substance, and conspiracy to distribute a Schedule II controlled substance—was tried to a jury in January 1986. The jury returned guilty verdicts to all charges, and the defendant was sentenced to two consecutive sixteen year terms on the possession and distribution convictions and an eight year concurrent term on the conspiracy conviction.[5]

After the defendant was sentenced by the trial court in District Court Case No. 85CR723 for the offenses committed on July 25, 1985, he filed a motion to dismiss the charges in the instant case (District Court Case No. 85CR724), which charges were based on acts allegedly committed on July 19, 1985. The defendant claimed that these charges were part of the same criminal episode underlying the crimes committed on July 25, 1985, for which he had been convicted, and that, therefore, the pending prosecution for the offenses allegedly committed on July 19, 1985, was barred by the compulsory joinder rule of section 18–1–408(2), 8B C.R.S. (1986). The district court granted the motion to dismiss, ruling in pertinent part as follows:

> In the case at bar we have two sales of cocaine within six days of each other, involving the same seller and buyer at the same residence with the defendant on the street in front identified as the source. The buys were set up by the police during an ongoing investigation and even the witnesses endorsed by the People in each case were identical or substantially so.

The People in this appeal challenge the judgment of dismissal and argue that the offenses allegedly committed on July 19, 1985, were separate and distinct from, and not part of the same criminal episode as, the crimes committed on July 25, 1985, and were thus not subject to dismissal by reason of the compulsory joinder rule of section 18–1–408(2).

## II.

■ Section 18–1–408(2), 8B C.R.S. (1986), states as follows:

> If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.[6]

Our prior cases have identified five elements which must be satisfied in order to activate the statutory bar against a subsequent prosecution: (1) several offenses were committed within the same judicial district; (2) a prosecution was commenced against the defendant on one or more but not all of the offenses; (3) the prosecutor knew of the several offenses at the commencement of the prosecution; (4) the defendant was previously subjected to a single prosecution on one or more but not all of the offenses; and (5) the several offenses were based on the same act or series of acts arising from the same criminal episode. *E.g., Corr v. District Court,* 661 P.2d 668, 671 (Colo.1983); *Jeffrey v. District Court,* 626 P.2d 631, 637 (Colo.1981). The only issue in this case is whether the distribution, possession, and conspiracy offenses allegedly committed on July 19,

---

5. The court of appeals affirmed the judgment and sentence in an unpublished opinion. *People v. Miranda,* No. 86CA325 (Colo.App. May 28, 1987). Since the record of the trial in that prosecution was not filed with this court, the facts underlying those offenses have been ex-tracted from the opinion of the court of appeals and the briefs filed with this court.

6. Crim.P. 8(a) is essentially identical to section 18–1–408(2), 8B C.R.S. (1986).

1985, and filed against the defendant in the present case (District Court Case No. 85CR724) arose from the same criminal episode as the distribution, possession, and conspiracy offenses committed on July 25, 1985, for which the defendant was convicted and sentenced in a separate prosecution (District Court Case No. 85CR723).

■ Although the compulsory joinder rule is intended to provide broader protection than the "same offense" principle of double jeopardy and the collateral estoppel aspects of double jeopardy, *Jeffrey*, 626 P.2d at 636, it is axiomatic that the "same criminal episode" element of the compulsory joinder rule is not a self-defining concept. The term "episode" connotes a set of events or occurrences that bear some distinctive relationship to each other, *see* Webster's Third International Dictionary 765 (1986), and has its counterpart in the civil law concept of "transaction." *See Ashe v. Swenson*, 397 U.S. 436, 454 n. 8, 90 S.Ct. 1189, 1199 n. 8, 25 L.Ed.2d 469 (1970) (Brennan, J., concurring); *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177, 181–82 (1983). The term "transaction" is flexible in its scope and comprehends "a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926).

■ Our prior decisions emphasize that the determination of whether several criminal acts arise from the "same criminal episode" for purpose of the compulsory joinder rule depends in the final analysis upon a close examination of the underlying facts on which the several offenses are based. *E.g., Jeffrey*, 626 P.2d at 640; *Corr*, 661 P.2d at 674. In making that determination, we believe it important to keep in mind the purposes for which the compulsory joinder rule was created. Those purposes are twofold: to protect the accused against the oppressive effect of sequential prosecutions based on a series of offenses that are so interrelated as to constitute what can fairly be characterized as one episode; and to conserve judicial and legal resources that otherwise would be wasted in duplicative proceedings. *Jeffrey*, 626 P.2d at 637; *see also* Model Penal Code § 1.07 commentary at 118–19 (1985). In keeping with these purposes, several of our prior cases have emphasized such factors as time, place, and circumstances in resolving whether criminal charges in one prosecution were sufficiently interrelated to the offenses charged in a separate prosecution as to satisfy the "same criminal episode" element of the compulsory joinder rule. *See, e.g., Corr*, 661 P.2d 668; *Jeffrey*, 626 P.2d 631; *Brutcher v. District Court*, 195 Colo. 579, 580 P.2d 396 (1978); *People v. Tulipane*, 192 Colo. 476, 560 P.2d 94 (1977).

Recently, in *People v. Rogers*, 742 P.2d 912 (Colo.1987), we held that the compulsory joinder rule did not bar a prosecution for the felonies of cultivation of marijuana, conspiracy to commit that offense, and possession of more than eight ounces of marijuana, when in a separate prosecution the defendant had been charged with and had pled guilty to the misdemeanor offense of unlawful possession of raptor talons, even though all of the offenses were committed at virtually the same time in the defendant's home and the separate prosecutions were based on evidence discovered during a single search of his home pursuant to a search warrant. In reaching that conclusion we initially noted that offenses based on acts or a series of acts "arising from the same criminal episode" include "offenses arising either from the same conduct of the defendant or offenses connected in such a manner that prosecution of the offenses will involve substantially interrelated proof." 742 P.2d at 918. We explicated the "substantially interrelated proof" facet of the "same criminal episode" element of the compulsory joinder rule as follows:

Basing the application of the compulsory joinder statute on a determination of the interrelationship between the proofs of the several offenses properly focuses the trial court's inquiry on the degree to which the defendant is harassed and judicial resources wasted by successive prosecutions. *See State v. Carroll*, 63 Haw. [345] at 351, 627 P.2d [776] at 780

[ (1981) ]. Where the proof or defense of one charge necessarily involves the proof or defense of another charge, sequential prosecutions of the two charges burden both the defendant and the state with repetitive presentation of evidence. However, where the proofs of the charges are not interrelated, the prejudice to the defendant caused by separate prosecutions is minimal. For purposes of compulsory joinder, the requirement that offenses arise out of "the same criminal episode," must be interpreted to include the condition that the offenses be connected in such a manner that prosecution of the offenses involve substantially interrelated proof. Crimes that are committed simultaneously or in close sequence, crimes that occur in the same or closely related place, and acts that form part of the schematic whole, generally involve interrelated proof.

Proof of different crimes is interrelated if the proof of one crime forms a substantial portion of proof of the other. *See United States v. Montes–Cardenas*, 746 F.2d 771, 776 (11th Cir.1984). Separate trials for crimes that do not share a substantial factual nexus do not prejudice a defendant. If proof of one of the crimes charged is not relevant to proof of the other, then the two crimes do not involve interrelated proof and as a matter of law are not part of the "same criminal episode" as that term is used in section 18–1–408, 8B C.R.S. (1984). Since the defendant is not prejudiced, our approach is consistent with the "evident purpose of the section to eliminate undue harassment by successive trials," Model Penal Code § 1.07 commentary at 120 (1985), and conserve judicial resources by avoiding duplicative proceedings. *Corr*, 661 P.2d at 671.

742 P.2d at 919 (footnote omitted).

Since this appeal involves a series of acts that allegedly occurred six days apart from the series of acts charged in the former prosecution, we obviously are not dealing here with multiple prosecutions arising from the "same conduct" facet of the "same criminal episode" element of the compulsory joinder rule. The term "same conduct" signifies a single act or single behavioral incident that results in the commission of more than one offense—for example, the reckless operation of a motor vehicle resulting in injury or death to two or more persons. *See* Model Penal Code § 1.07 commentary at 118. The issue in this case, therefore, is whether a substantially interrelated nexus in proof exists between the three crimes charged in the present prosecution and the crimes for which the defendant was convicted in the prior prosecution so as to qualify the present charges for the "same criminal episode" element of section 18–1–408(2).

### III.

■ Turning to the facts of this case, we are satisfied that the offenses allegedly committed by the defendant on July 19, 1985, and charged in the present prosecution (District Court Case No. 85CR724), are not based on the same series of acts arising from the criminal episode of July 25, 1985, on which the charges in the former prosecution were based (District Court Case No. 85CR723). While the charges in both prosecutions have some common characteristics —the nature of the offenses, the persons involved in the incidents, the circumstances surrounding the distribution of the cocaine —we cannot say with fair assurance that the charges in each prosecution are so interrelated that proof of the charges alleged in one prosecution would constitute a substantial portion of the proof in the other.

The offenses charged in the present prosecution arose out of a criminal episode which commenced on July 19, 1985, when the informant made a telephone call to Benavidez, and which concluded on that same evening, when the informant purchased the cocaine at Benavidez' home. Proof of the individual instances of distribution, possession, and conspiracy alleged in the present prosecution will involve evidence substantially different from the evidence underlying the former prosecution, especially in light of the fact that the former prosecution was based on a separate and distinct series of acts committed six days later. *Cf. People v. Taylor*, 732 P.2d

1172, 1180 n. 8 (Colo.1987) (compulsory joinder rule does not bar prosecution for crimes of possession of cocaine and marijuana allegedly committed on June 20, 1984, where defendant pled guilty in separate prosecution to crime of conspiracy to distribute cocaine committed on June 19, 1984); *State v. Hathaway*, 82 Or.App. 509, 728 P.2d 908 (1986) (compulsory joinder rule does not bar prosecution for crime of delivery of one-half gram of cocaine to police undercover agent allegedly committed at 6:45 p.m. on May 7, 1984, where defendant pled guilty in separate prosecution to charge of delivering slightly less than one-half ounce of cocaine to same undercover agent at 2:50 p.m. on same day). Moreover, in addition to the six day interval between the offenses charged in the separate prosecutions, there is the further difference that the possession, distribution, and conspiracy charges in the present prosecution are based primarily on conduct that occurred at or near Benavidez' home, while the former prosecution encompassed a possession charge based on the recovery of a substantial amount of cocaine from the defendant's home after the drug sale to the informant and subsequent to the defendant's arrest.

When the question is asked whether there is a substantially interrelated nexus in proof between, on the one hand, the distribution, possession, and conspiracy offenses allegedly committed on July 19, 1985, and on the other, the distribution, possession, and conspiracy crimes committed on July 25, 1985, the answer is clear that the present prosecution proceeds from a series of acts separate and apart from the criminal episode underlying the former prosecution. The offenses charged in the present case, therefore, do not qualify for dismissal under the compulsory joinder rule of section 18–1–408(2).

The judgment is accordingly reversed and the case is remanded to the district court for further proceedings.