The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Eric Kurt PATRICK,
Defendant–Appellee.

No. 87SA351.

Supreme Court of Colorado,
En Banc.

May 22, 1989.

Milton K. Blakey, Dist. Atty., Ninth Judicial Dist., Kenneth Jaynes, Deputy Dist. Atty., Glenwood Springs, for plaintiff-appellant.

David F. Vela, State Public Defender, R. Greg Greer, Deputy State Public Defender, Glenwood Springs, for defendant-appellee.

**KIRSHBAUM, Justice.**

The People appeal [1] the trial court's judgment dismissing a complaint filed against the defendant, Eric Kurt Patrick, charging violations of first degree burglary,[2] theft[3] and criminal mischief.[4] The People contend that the trial court erred in concluding that the prosecution violated the provisions of section 18-1-408(2), 8B C.R.S. (1986), by failing to join this case with a county court traffic case previously filed against the defendant. We agree with the People's argument.

At 10:46 p.m. on May 24, 1987, Colorado State Patrol Officer Gary Eshelman received a radio report of an automobile accident occurring at milepost 125 on Colorado Highway 6 outside of Glenwood Springs, Colorado. Eshelman drove to the scene and observed an abandoned, damaged automobile. He requested information about the vehicle and was informed that it had been reported stolen from Arapahoe County, Colorado, that Patrick may have committed the theft and that Patrick might have a gun.

After completing his investigation, Eshelman drove towards Glenwood Springs. Between 12:30 and 1:00 a.m. the next morning, on May 25, approximately five miles from milepost 125, he observed the defendant walking along the shoulder of the highway. Eshelman stopped, picked up the defendant, drove to Glenwood Springs and searched the defendant. When he discovered a .22 caliber pistol in a bundle of clothes carried by the defendant, Eshelman drove the defendant to the Glenwood Springs Sheriff's Office. The defendant received a summons and complaint for careless driving, in violation of section 42-4-1204, 17 C.R.S. (1984 & 1985 Supp.). Eshelman retained the weapon and later determined that it had recently been fired.

On Tuesday, May 27, Eshelman learned that property of Ames Construction, locat-

---

1. This appeal was filed pursuant to § 16-12-102(1), 8A C.R.S. (1986).

2. Section 18-4-202, 8B C.R.S. (1986).

3. Section 18-4-401, 8B C.R.S. (1986).

4. Section 18-4-501, 8B C.R.S. (1986).

ed near milepost 125, had been vandalized over the weekend and that a .22 caliber weapon might have been involved. Eshelman reported this information to Captain Kenneth Pidgeon of the Glenwood Springs Sheriff's Department and told him about the weapon he had found in the defendant's possession.

Later that day, a representative of Ames Construction informed Glenwood Springs Deputy Sheriff Beth Bascomb that someone had broken into a trailer owned by the company and had taken money from a steel box. Investigating officers discovered empty shell casings in the trailer and the tip of a knife blade in the bottom of the box from which the money had been removed. Deputy Bascomb obtained a warrant to search the property confiscated from the defendant. While executing the warrant she found a knife with a broken blade. On June 2, 1987, the three-count information in this case was filed.

On June 8, 1987, the defendant requested and obtained a continuance of this case to July 13. On June 12, 1987, the judge presiding over the county court proceedings entered a finding of guilt to the careless driving charge and sentenced the defendant to time already served. On July 13, 1987, the defendant filed a motion to dismiss this case, asserting that the prosecution had failed to comply with the compulsory joinder requirements of section 18–1–408, 8B C.R.S. (1986). After a hearing, the trial court entered its order granting the motion and dismissing the case.

Section 18–1–408(2), 8B C.R.S. (1986), states in pertinent part as follows:

**Prosecution of multiple counts for same act.**

. . . .

(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

■ The compulsory joinder requirement was adopted to protect an accused against the oppressive effect of sequential prosecutions based on conduct occurring during the same criminal episode and to conserve judicial and legal resources from the cost and delays inherent in duplicative judicial proceedings. *See People v. Wright,* 742 P.2d 316, 318 (Colo.1987); *Corr v. District Court,* 661 P.2d 668, 671 (Colo.1983); *Jeffrey v. District Court,* 626 P.2d 631, 637 (Colo.1981). Judicial examination of challenges by defendants to prosecutorial decisions to file separate cases involving arguably related offenses requires consideration of five separate factors, all of which must be satisfied before the statutory bar created by the statute is supplied. Those factors are: (1) several offenses committed within the same judicial district; (2) a prosecution against the offender; (3) prosecutorial knowledge of the several offenses at the commencement of the prosecution; (4) the several offenses arising from the same criminal episode; and (5) the offender previously having been subjected to a single prosecution. *Jeffrey,* 626 P.2d at 637. The issue presented by this appeal is whether the three offenses charged by the information filed in this case arose from the same criminal episode that underlies the careless driving charge filed in the county court.

In *People v. Rogers,* 742 P.2d 912 (Colo. 1987), decided subsequent to the trial court's ruling, this court fully explored the contours of the "same criminal episode" standard imposed by the statute. We pointed out that offenses that may be deemed to arise from the same criminal episode could include offenses arising either from the same conduct of the defendant or offenses connected in such a manner that prosecution of the offenses would involve substantially interrelated proof. *Rogers,* 742 P.2d at 918. Citing ABA *Standards for Criminal Justice, Joinder and Severance* § 13–1.2 commentary at 13–10 (1979), we observed that "[a]lthough the charges need not be based solely on the same facts ... 'a critical characteristic' of same criminal episode offenses, particularly in cases involving unrelated offenses or

offenders, 'is the fact that proof of one [offense] necessarily involves proof of the others.'" *Id.* We concluded that the trial court had failed to determine the extent to which proof of the offenses involved in that case was interrelated and remanded the case to the trial court with directions to make such a determination. While the trial court in this case did not have the benefit of the decision in *Rogers,* application of that test to the record before us is appropriate in view of the absence of any controversy regarding the specific facts relevant to the determination of the applicability of section 18–1–408(2).

■ The careless driving charge involved defendant's conduct while operating a vehicle stolen from Arapahoe County some time prior to the evening of May 24, 1987. The defendant does not contend that the vehicle was involved in the burglary of the Ames Construction trailer, and there is no suggestion that the defendant's abandonment of the vehicle at milepost 125 was related to the burglary in any way. Under these circumstances, the evidence necessary to prove the careless driving charge is not necessary for proof of any of the three offenses charged in this case. Indeed, the evidence required to establish a violation of section 42–4–1204, 17 C.R.S. (1984 & 1985 Supp.), is entirely unrelated to the evidence necessary to establish any of the three offenses charged in this case.

The defendant argues that identification is an element in any criminal charge and that evidence of identification is essential to all four charges. It is true that identity is an issue in every criminal case. However, the test established by *Rogers,* 742 P.2d at 919, requires a substantial factual nexus between the crimes. The mere fact that the People must establish the identity of a defendant who may have perpetrated separate and totally independent offenses is not sufficient to bring into play the same criminal episode provision of the statute.

The defendant relies on *Corr v. District Court,* 661 P.2d 668 (Colo.1983), to support his argument that all four of the offenses were so closely related in time and place that they constituted a single criminal episode. The defendant in *Corr* possessed marijuana concentrate at the time he was driving in excess of permitted speed limits and under the influence of alcoholic beverages. The conduct constituting possession of contraband occurred simultaneously with the conduct constituting unlawful driving. In this case, however, there is no evidence to suggest precisely when the burglary occurred and no fact connected with the three charges relating to the burglary would be relevant to the prosecution of the careless driving charge. Thus, *Corr* does not support the defendant's argument.

We conclude from the evidence presented to the trial court that the careless driving offense to which the defendant entered a guilty plea on June 12, 1987, was not part of an ongoing course of conduct sufficiently connected in time and place to the offenses here charged to constitute a continuing episode pursuant to section 18–1–408(2). The trial court therefore erred in dismissing the case on the basis of that statutory provision.

The trial court's judgment is reversed and the case is remanded with directions to reinstate the charges and to conduct such further proceedings as may be appropriate.

